## SCRIBNER et al. v. STRAUS et al.

(Circuit Court, S. D. New York. April 22, 1904.)

1. COPYRIGHT—SUIT FOR INFRINGEMENT—PLEADING.

There is such an analogy between actions under the patent laws and actions under copyright laws that like rules of practice should be applied in both classes of cases.

2. SAME—DEFENSES.

That a complainant is a member of an illegal combination, in violation of the anti-trust laws, state or federal, is no defense to a suit for infringement of a copyright.

In Equity. On exceptions to clauses in answers which set up the anti-trust statutes, state and federal.

Stephen H. Olin, for the motion.
John G. Carlisle, opposed.

LACOMBE, Circuit Judge. If, as defendant contends, the bill does not set forth a cause of action under the copyright laws, this court will have no jurisdiction, there not being the requisite diversity of citizenship; and either upon plea or demurrer, or at hearing on bill and answer, or on bill and answer and proofs, the action may be dismissed. That question is not now properly presented, and, assuming that the bill sets forth, as it evidently undertakes to do, a cause of action under the copyright statutes, the exceptions to the parts of the answer specifically indicated appear to be sound. There is such an analogy between actions under the patent laws and actions under copyright laws, that like rules of practice should be applied in both classes of cases.

---

## CONSOLIDATED RETAIL BOOKSELLERS v. WARD et al.

(Circuit Court, S. D. New York. April 25, 1904.)

1. PRELIMINARY INJUNCTION—TIME OF APPLICATION FOR.

Unless under special circumstances, a motion for preliminary injunction will not be entertained when complainant has completed testimony for final hearing, leaving defendant to oppose by affidavits only.

In Equity. On motion for preliminary injunction.

George E. Morse, for the motion.
Dittenhoefer, Gerber & James, opposed.

LACOMBE, Circuit Judge. The practice of moving for preliminary injunction when complainant has completed testimony for final hearing, leaving defendant to oppose the motion by affidavits only, should not be encouraged. When defendant's proofs also are complete, application should be on interlocutory hearing, not by motion, so that each side may have equal opportunity to appeal.

Motion denied.