### BELLAVANCE v. PLASTIC-CRAFT NOVELTY CO. et al.

#### No. 156.

District Court, D. Massachusetts.

Nov. 6, 1939.

George P. Dike, Cedric W. Porter, George P. Towle, Jr., and Dike, Calver & Gray, all of Boston, Mass., for plaintiff.

Richard F. Walker and Roberts, Cushman & Woodberry, all of Boston, Mass., for defendants.

BREWSTER, District Judge.

This is a complaint alleging infringement of Letters Patent of the United States. Plaintiff has demanded a trial by jury. Defendant has moved to strike the action from the calendar of cases for jury trial and to transfer it to the calendar of cases for court trial.

Rule 39 of Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that: "When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless * * (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States."

The Seventh Amendment to the Constitution, U.S.C.A., preserves the right of trial by jury in suits at common law only and the question presented is whether the plaintiff, by virtue of this constitutional amendment and the Rules of Civil Procedure, has a right to a trial by jury.

The remedies open to one for the infringement of a patent are wholly statutory. The statutes afford two remedies —first, an action on the case to recover damages for infringement of the patent, R.S. § 4919, 35 U.S.C.A. § 67. Such an action, of course, is one at law and would entitle the parties to a jury trial. The other remedy is by proceeding under R.S. § 4921, 35 U.S.C.A. § 70, which gives the court "power to grant injunctions according to the course and principles of courts of equity, to prevent the violation of any right secured by patent * * *."

In proceedings under this latter statute the complainant may ask for damages already sustained, as well as for injunctive relief. Clearly, it is under this second statute that the plaintiff has proceeded. It has long been settled law that where suit is brought under the statute providing equitable relief, the fact that the plaintiff also seeks damages for past infringement will not entitle the plaintiff to a jury trial on the issue of damages. Barton v. Barbour, 104 U.S. 126, 133, 26 L.Ed. 672.

In this case the Court observed: "Thus, upon a bill filed for an injunction, to restrain the infringement of letters-patent, and for an account of profits for past infringement, it is now the constant practice of courts of equity to try without a jury issues of fact relating to the title of the patentee, involving questions of the novelty, utility, prior public use, abandonment, and assignment of the invention patented. The jurisdiction of a court of equity to try such issues according to its own course of practice is too well settled to be shaken. [Providence] Rubber Company v. Goodyear, 9 Wall. 788 [19 L.Ed. 566]; Cawood

Patent, 94 U.S. 695 [24 L.Ed. 238]; Marsh v. Seymour, 97 [U.S.] 348 [24 L.Ed. 963]."

■ It has recently been said that the Seventh Amendment has no application to cases where the recovery of money damages is an incident to equitable relief even though damages might have been recovered in an action at law. National Labor. Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 48, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352.

See also—Cogswell v. New York, New. Haven & Hartford Ry. Co., 105 N.Y. 319, 11 N.E. 518.

It is the plaintiff's contention that since the new rules abolish all distinction between Law and Equity, the doctrine of the cases above cited does not now obtain. That result could follow only if the rules enlarged the right of trial by jury.

■ I do not find any warrant for such a conclusion in the rules. To avoid constitutional complications, Rule 38 preserved those rights to a jury trial as declared by the Seventh Amendment, or as given by a statute of the United States. Inasmuch as this amendment applies only to suits at common law, a distinction will always need to be drawn between suits at law and suits in equity in order to determine whether one has a right, under the Constitution, to have the issues of the case determined by a jury.

■ The distinction between Law and Equity, abolished by the new rules, is a distinction in procedure and not a distinction between remedies. The distinction still remains between jury actions and non-jury actions; what was, before the adoption of the new rules, an action at law is a jury action, and what was a suit in equity falls into the category of a non-jury action. See Moore's Federal Practice, Vol. 1, page 107, and Vol. 3, page 3004 et seq.; Trial by Jury and the New Rules of Procedure by James, 45 Yale Law Journal, 1022 et seq.

■ The statutory remedies for infringement of patent rights are two-fold. One, in law with a right to a jury trial; the other in equity without such right. Neither remedy has been extinguished by the rules. Either remedy may still be invoked by a plaintiff. If he elects to resort to the statute providing injunctive relief, he has no right to a jury trial. It is not a suit at common law within the purview of the Seventh Amendment. Rules 38 and 39 do not create any rights to a jury trial which a party did not have before their adoption.

■ As already appears, the plaintiff in the action at bar has seen fit to proceed under R.S. § 4921, 35 U.S.C.A. § 70. It follows that he cannot claim as of right a jury trial and, therefore, defendant's motion should be allowed. It is so ordered.