## ARNSTEIN v. TWENTIETH CENTURY FOX FILM CORPORATION et al.

District Court, S. D. New York.
Feb. 16, 1943.

Ira B. Arnstein, plaintiff, pro se.

Edwin P. Kilroe, of New York City (Julian T. Abeles, of New York City, of counsel), for defendant Twentieth Century Fox Film Corporation.

Gilbert & Gilbert, of New York City (Godfrey, Cohen, of New York City, of counsel), for defendant Bregman, Vocco and Conn, Inc.

CAFFEY, District Judge.

Four defendants are named in the complaint. Two (Warren and Gordon) were not served and will, therefore, be disregarded. The other two (Twentieth Century Fox Film Corporation, hereinafter for convenience called Fox, and Bregman, Vocco and Conn, Inc., hereinafter referred to as Bregman) were served and answered.

The plaintiff has demanded a jury trial. Fox and Bregman separately each moved to strike out or vacate the demand and for an order transferring the action from the jury calendar to the non-jury calendar.

I. The gravaman of the action is alleged copyright infringement. It is brought under the Copyright Act, 17 U.S.C.A. § 25. The statute permits actions for its violation either at law or in equity. This is plain and, as I understand, is not controverted. In bringing the present action, therefore, the plaintiff had a right to elect whether he would sue at law or in equity. The principal question arising on the motions is whether he chose to sue at law or in equity.

It is essential to determine the question stated because, as I believe both sides

agree, there is a right to a jury trial if the action be at law and there is no such right if the action be in equity.

■ Rule 38 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, prescribes the steps to be taken for assuring enjoyment of the right to a jury trial, if such right exist; but that rule did not create the right. The source of the right is the law (constitutional and statutory) as it stood preceding the adoption of the rules.

■ Subdivision (d) of Rule 38 provides that a failure by a party "to serve a demand" as required by the rule and to file it in the Clerk's office "constitutes a waiver by him of trial by jury." The importance, therefore, of complete conformity with the rule is manifest. At the moment I shall not go further into that phase of the matter. Later I shall comment on it. That the right to a jury trial dealt with in Rule 38 is a right not conferred by the rule itself and existed before there was any procedural requirement, such as that laid down in Rule 38, is clear from the very language of the rule itself. It provides that the right "as declared by" the Constitution or "as given by" statute shall be "preserved" to the parties to an action. In order, therefore, to answer the question involved, our inquiry necessarily is to be whether the complaint, as it is framed, has stated a cause of action at law or one in equity.

II. In the complaint it is alleged that the defendants unlawfully copied the title, words and music of a copyrighted musical composition entitled "Kalamazoo" and embodied them in a song entitled "I've got a Gal in Kalamazoo," which was printed, published, recorded and distributed and was inserted in a motion picture entitled "Orchestra Wives." It is further alleged that, despite notice of the infringement given them by the plaintiff, the defendants "continue and are still continuing and threaten to continue the wrongful acts, and will continue the same violation of plaintiff's rights and to his great damage, unless restrained * * *."

In addition, in paragraph 22 it is alleged as follows: "By reason of the premises the plaintiff is without adequate remedy at law."

The prayer is definitely for three forms of relief: (1) that the defendants be enjoined from continuing their acts of infringement; (2) that they account for their profits; and (3) that they be required to pay the plaintiff the damage he has sustained by reason of the infringing acts.

III. Where there is an infringement the copyright laws give the copyright owner a right to "an injunction restraining such infringement". 17 U.S.C.A. § 25(a). See, also, Sections 27 and 36, 17 U.S.C.A. §§ 27, 36. In Section 36 it is provided that the court or judge shall have power, "upon bill in equity filed by any party aggrieved, to grant injunctions to prevent and restrain the violation of any right secured by this title [the Copyright Act], according to the course and principles of courts of equity, on such terms as said court or judge may deem reasonable."

■ Here the plaintiff seeks an injunction, as well as an accounting. He alleges that without an injunction infringement by the defendants will continue. He also says that his remedy at law is inadequate. The use in the statute of the phrase "according to the course and principles of courts of equity," as I see it, clearly implies that a suit of the kind at bar is in equity and is not at law. This consideration, standing alone, seems to me to demonstrate that the plaintiff has so framed his complaint as to deprive himself, through the form that he adopts, of any right to a jury trial in this case.

In substance, this is what was said by Judge Chesnut in Metro-Goldwyn-Mayer Distributing Corporation v. Fisher, D.C. Maryland, 1935, 10 F.Supp. 745, 747. Near the bottom of the first column on page 747 of 10 F.Supp. he stated that the power vested by the words of the statute just quoted "is not to be construed as authorizing the issuance of injunctions except in accordance with the settled principles on which courts of equity historically and now habitually exercise this extraordinary jurisdiction."

If there were nothing else available for guidance on the subject except what the statute definitely prescribes, it would seem to me to impose on this court the obligation to hold that, with the complaint in its present form, the plaintiff is not entitled to a jury trial.

IV. The previous decisions of this court, however, have uniformly held the same way. Among these are Sheldon v. Moredall Realty Corporation, 1937, 22 F.Supp. 91, 93, 94, modified on another point and appeal dismissed, 2 Cir., 95 F.2d 48; and

Young v. Loew's D.C., 1942, 2 F.R.D. 350, 351.

Again, in a suit for patent infringement the facts alleged with respect to the subject there involved, were, in essence, identical with the facts alleged in the case at bar with respect to copyright infringement. There it was squarely held that the suit was in equity and that, under the present rules of civil procedure, it must be stricken from the calendar of jury cases. Bellavance v. Plastic-Craft Novelty Co., D.C.D.Mass., 1939, 30 F.Supp. 37, 38, 39.

I agree entirely with the Bellavance case. The opinion discusses the pertinent Supreme Court decisions and is thoroughly well reasoned. I believe there is no need to do more than to quote from it the following (30 F.Supp. at page 39): "The statutory remedies for infringement of patent rights are two-fold. One, in law with a right to a jury trial; the other in equity without such right. Neither remedy has been extinguished by the rules. Either remedy may still be invoked by a plaintiff. If he elects to resort to the statute providing injunctive relief, he has no right to a jury trial. It is not a suit at common law within the purview of the Seventh Amendment. Rules 38 and 39 do not create any rights to a jury trial which a party did not have before their adoption."

V. The cases relied on by the plaintiff are not in point or helpful.

In Buck v. Village Brewery Restaurant, Inc.[1] (Civ. 12-135), although a jury trial was demanded, no motion was made to vacate the demand and the case was discontinued by stipulation of the parties.

Scribner v. Straus, C.C.,S.D.N.Y., 130 Fed. 389 (1904), was a decision of one paragraph on exceptions to certain clauses contained in the answer in a copyright infringement suit. In the last sentence the court held that there was analogy between an action under the patent laws and an action under the copyright laws; also that like rules of practice should be applied in both classes of cases. There was no ques-

tion in the case as to the right to a jury trial in either a patent or a copyright infringement case.

The only other case the plaintiff relies on is Pathe Exchange v. Dalke, 4 Cir., 49 F.2d 161. The opinion there is long. I do not see occasion to go into it. It is enough to say, as I read it, that it does not sustain the plaintiff. Moreover, even if it did, I would follow the decisions heretofore rendered in this court and the Bellavance case, decided by the District Court in Massachusetts, heretofore quoted from.

VI. In consequence, I conclude that the plaintiff has not shown that he is entitled to a jury trial in the present case.

VII. I am inclined to think also, though I do not definitely decide, that the demand by the plaintiff for a jury trial was not seasonable. Subdivision (b) of Rule 38 provides that a demand for such a trial may be made by serving on "the other parties" (that is, in the present case the defendants) a written demand therefor at any time after the commencement of the action, but "not later than 10 days after the service of the last pleading [here the answer] directed to such issue."

It is to be noted that the words "other parties" apparently constitute a requirement that the demand be served on both defendants who have answered; in other words, that in the case at bar in order for the demand to be effective it would have had to be made by the plaintiff on both Fox and Bregman within the ten days' period. The demand was served on both Fox and Bregman under date of January 25, 1943. This was within 10 days after the service by Fox of its answer, but not within 10 days after service on the plaintiff by Bregman of its answer. In consequence, the service on Bregman was not timely.

One reason I do not go further into this phase of the matter is that it was not argued by counsel either at the oral hearing or in their briefs.

Motions granted. Settle order on two days' notice.

---

[1] No opinion for publication.