## BRUCKMAN et al. v. HOLLZER, District Judge.
### No. 11177.

Circuit Court of Appeals, Ninth Circuit.
Jan. 7, 1946.

Guy Knupp and Herman F. Selvin, both
of Los Angeles, Cal. (Mitchell, Silberberg
& Knupp and Loeb & Loeb, all of Los Angeles,
Cal., of counsel), for appellants.

Charles H. Carr, U. S. Atty., and Ronald L. Walker, Asst. U. S. Atty., both of

Los Angeles, Cal. (Harold A. Fendler, of Los Angeles, Cal., of counsel), for appellee.

Before DENMAN, BONE, and ORR, Circuit Judges.

DENMAN, Circuit Judge.

Petitioners, defendants below, hereinafter called defendants, seek mandamus to compel the respondent judge to strike the demand for a jury trial upon and to hear and determine in equity the claim of the complaint of Harold Lloyd Corporation, plaintiff below, for money damages to it for an infringement by the three defendants of plaintiff's copyright of its photoplay The Freshman. Defendants contend in support of our power to issue the writ that the District Court's order for trial as at common law by jury is beyond its jurisdiction and that by assuming it the court prevents an appeal from any full consideration by the court on the equitable issues, citing In re Simons, 247 U.S. 231, 239, 38 S.Ct. 497, 62 L.Ed. 1094; In re Peterson, 253 U.S. 300, 305, 306, 40 S.Ct. 543, 64 L.Ed. 919; Ex parte Republic of Peru, 318 U.S. 578, 582, 63 S.Ct. 793, 87 L.Ed. 1014; Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 24, 25, 63 S.Ct. 938, 87 L.Ed. 1185.

The complaint, complying with Rule 10 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c,[1] sets forth three sets of transactions upon each of which plaintiff has a claim for relief (a) that the three defendants have infringed and that the infringement has destroyed the value of plaintiff's photoplay and injured plaintiff in the amount of $500,000 general and $500,000 special damages, for which it claims money judgment; (b) that defendant Universal Pictures Corporation has appropriated the copyrighted matter and has reproduced it at a profit, for which plaintiff claims an accounting as if defendant were a trustee for plaintiff, and (c) that the latter defendant has infringed and intends to continue to infringe, for which plaintiff claims that defendant should be enjoined from so continuing in the wrongdoing. The destruction of the prints of the infringing photoplay also was demanded. The transaction constituting claim (a) for money damages is set forth as a separate cause of action in the first count of the complaint.[2] The transactions for accounting and injunction and destruction of the prints are in a second count. Plaintiff demanded a jury trial on the first transaction.

■ As stated in Original Ballet Russe v. Ballet Theatre Co., 2 Cir., 133 F.2d 187, 189, each of plaintiff's claims contains "the aggregate of operative facts which give rise to a right enforceable in the courts", and by Judge Clark in Atwater v. North American Coal Co., 2 Cir., 111 F.2d 125, 126, all three claims are of "differing occurrences or transactions, which form the basis of separate units of judicial action." Each of the three transactions alleged could be the subject of a separate suit in which any issue of fact which is a part of its transaction which has been adjudicated in an earlier suit on another transaction is binding in the subsequent suit. Brady v. Daly, 175 U.S. 148, 161, 20 S.Ct. 62, 44 L. Ed. 109, a case involving the prior copyright statutes, identical in the pertinent provisions.

■ However, no one of the three transactions alleged needs for its adjudication the prior decision of either of the others, hence the instant case is unlike Fitzpatrick v. Sun Life Assur. Co., D.C., 1 F.R.D. 713, 717, and Pallant v. Sinatra, D.C., 59 F. Supp. 684, 685, where the opinion states that there can be no recovery on the common law claim unless recovery be had in the equitable issues.[3]

---

[1] "(b) Paragraphs; Separate Statements. All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth."

[2] See footnote 1.

[3] Nor is the transaction for damages a mere incident of a limited statutory equitable relief as in National Labor Relations Board v. Jones & Laughlin Steel Corp., 310 U.S. 1, 48, 49, 57 S. Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352, nor is this a case in which plaintiff seeks solely equitable relief as in Bellavance v. Plastic-Craft Novelty Co., D.C., 30 F.Supp. 37, 39; nor one in which no amount of damages is alleged to have been suffered as in Sheldon v. Moredall Realty Co., D.C., 22 F.Supp. 91; nor one where the complaint alleges "plaintiff is without adequate remedy at law,"

The district judge ruled that he will commit the trial of the first cause of action to a jury to be tried as at common law. The judge's return to the order to show cause also states that simultaneously he will try, without the jury, the second and third causes of action "to the extent practicable."

The defendants do not contend that the transaction of claim (a) for damages to the plaintiff, if pleaded in a separate suit, is not triable before a jury. Cf. Journal Pub. Co. v. Drake, 9 Cir., 199 F. 572. Defendants contend that by combining the three sets of transactions in a single suit, plaintiff does not have preserved to it the right to a jury trial it would have had in the separate suit on the common law transaction, and that the three different claims based on them must be tried in equity. Defendants rely upon Judge Cardozo's statement in Di Menna v. Cooper & Evans Co., 220 N.Y. 391, 115 N.E. 993, 994, that "* * * the rule is fundamental that where a plaintiff seeks legal and equitable relief in respect of the same wrong, his right to trial by jury is lost. If any right remains, it is the right of the defendant. * * *" This is the view taken by certain district judges, Cf. Gaumont v. Warner Bros. Pictures, D.C.S.D.N.Y., 2 F.R.D. 45, 46; Conn v. Kohlemann, D.C.E.D.Pa., 2 F.R.D. 514, 516, and in dicta in other district court opinions.

Defendants point out that one of the two facts in issue in each of the three sets of transactions is infringement and that in the common law trial for damages the jury on conflicting evidence may find no infringement, while the court in the equity issues may find infringement had occurred. From this it would follow that the law of the case would be decided one way by the jury, if the jury trial were first had, and decided the opposite way if the court first decide either of the two equitable issues. It is contended that in the presence of such a dilemma the rule stated in Di Menna v. Cooper & Evans Co., supra, necessarily must apply.

Plaintiff contends that whether or not the Di Menna case states the law prior to the adoption of the Federal Rules of Civil Procedure, those rules now give to the party having a claim triable by jury at common law the power to preserve that right when that claim is joined with other equitable claims involving one of the issues of fact in the common law suit. If this contention be correct, it is obvious that, since the issue of infringement is common to all three sets of transactions, the right of jury trial on the common law transaction may be preserved only if the court is required to try the common law issue so that judgment on the verdict is entered before the equitable claims are decided. This is the view held by Judge Moscowitz in Elkins v. Nobel, 1 F.R.D. 357, 358, and Judge Conger in Dellefield v. Blockdel Realty Co., D.C., 1 F.R.D. 689, 690.

We agree with these judges that the Federal Rules of Civil Procedure [4] make such a preservation of the demanded right of jury trial and that to that end the trial judge is required to try and determine that issue before the others. The rules introduce the radical change in the federal practice of creating the jurisdiction in the District Courts to hear and determine in a single suit equity claims, with a claim which theretofore could have a common law adjudication in a separate suit.[5] We take it that it is to "preserve" in the suit provided by the rules the common law adjudication by jury trial existing in a separate suit when such a claim is joined with equitable claims having a common issue of fact, that Rule 38(a) provides: "(a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

---

Arnstein v. Twentieth Century Fox Film Corp., D.C., 3 F.R.D. 58, 59, and Young v. Loew's, Inc., D.C., 2 F.R.D. 350.

[4] The Supreme Court by amendment of June 5, 1939, effective September 1, 1939, provided: "1. Proceedings in actions brought under section 25 of the Act of March 4, 1909, entitled 'An Act to amend and consolidate the acts respecting copyright', including proceedings relating to the perfecting of appeals, shall be governed by the Rules of Civil Procedure, in so far as they are not inconsistent with these rules." 

Copyright Rules of Practice, rule 1, 17 U.S.C.A. following section 25.

[5] "Rule 18. Joinder of Claims and Remedies.

"(a) Joinder of Claims. The plaintiff in his complaint or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. * * *" (Emphasis supplied.)

Rule 42(b) [6] specifically gives the power to the court to prevent "prejudice" such as that to the plaintiff's right to trial by jury by "order[ing] a separate trial of any claim," here by ordering first a separate common law trial by jury on the issue of damages, in which the issue of infringement and the amount of damages will be determined before the decision on the equitable issues.

We regard the rules enlarging the powers of the single tribunal to hear and determine equitable and legal transactions in which the pre-existing right to jury trial is to be preserved, as a long forward step in our judicial procedure. We consider one of its major purposes is to remove the expensive and time-losing requirement of two separate suits to give to the litigant his jury as well as his equitable relief. We are not in accord with the extreme judicial conservatism which instinctively clings to outmoded intricate processes and would seek to nullify or minimize every attempt for their simplification.

The petition for the writ of mandamus is denied.

---

6 "(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."