**BERLIN et al. v. CLUB 100, Inc.**

Civ. A. No. 51–578.

United States District Court
D. Massachusetts.

Oct. 30, 1951.

Sherburne, Powers, & Needham, Walter Powers, Boston, Mass., for plaintiff.

W. G. Cogan, Brockton, Mass., for defendant.

**130**

**McCARTHY, District Judge.**

This is an action for infringement of copyright in which the plaintiffs have moved to have stricken the defendant's seasonable demand for a jury trial.

There are four counts in the complaint, each of which contains allegations of infringement with respect to four different copyrighted songs. The prayers are for damages, an accounting of profits, and for appropriate injunctive relief.

■ The general rule in actions for copyright infringement with respect to jury trial may be stated simply: The right exists if the action is one at law, but there is no such right if the action is equitable. Frazier v. New England Newspaper Publishing Co., D.C., 1 F.R.D. 734. Difficulty is encountered in the application of the rule.

The decided cases, understandably, deal with the right of the plaintiff under the Seventh Amendment and Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

It has been held that where a complaint was drawn, as in this action, asking for injunctive relief, accounting of profits, and damages, the plaintiff is not entitled to a trial by jury, on the ground that he seeks primarily to invoke the equitable powers of the court. Arnstein v. Twentieth Century Fox Film Corporation, D.C., 3 F.R.D. 58. On the other hand, this court in Frazier v. New England Newspaper Publishing Co., supra, held that if the plaintiff waives the claim for injunctive relief, originally contained in the complaint, so that only the questions of infringement and damages remain, the action is one at law, and the plaintiff has a right to a trial by jury. A similar result was reached in Tynan v. R. K. O. Radio Pictures, D.C., 77 F.Supp. 238.

The Court of Appeals for the Ninth Circuit decided, in Bruckman v. Hollzer, 152 F.2d 730, that where a complaint, in separate paragraphs, alleges causes of action for damages for infringement and for injunctive relief, both of which involve the issue of infringement, the plaintiff's right to a jury trial is preserved on the action at law, and the court will try the infringement issue to the jury before deciding the equitable aspects of the case.

It becomes apparent that the question of the plaintiff's right to trial by jury in a copyright action depends upon the type of relief for which he prays and the manner in which his pleadings are drawn.

Had the plaintiffs, in this case, simply asked for injunctive relief and an accounting, the nature of the action would be unmistakable. Not content with this, they have also asked for damages. I am not prepared to say simply that the damages sought are "merely incidental" to the injunctive relief for which the plaintiffs have prayed, since plaintiffs have been known to waive their claim for injunctive relief and thereby preserve their own right to trial by jury, nor that a plaintiff by framing his pleadings properly to waive his own right destroys the right of the defendant also.

■ Had the complaint alleged infringement and asked for damages alone, this would have been designated as a "pure" action at law and both issues would have been tried to a jury. I therefore find that on both of these issues the defendant is entitled to a jury trial and that thereafter the Court may try the equitable aspects of the case. The plaintiff's motion is denied as to the issues of infringement and damages.