

Abner Greenberg, New York City, for plaintiffs.

Spring & Eastman, New York City, for defendants.

NOONAN, District Judge.

This is a motion by the defendants to vacate plaintiffs' demand for a jury trial and for an order directing the Calendar Clerk to remove this action from the jury calendar and place the same on the nonjury calendar.

This is an action for an alleged infringement of plaintiffs' statutory copyright. The complaint sets forth that jurisdiction of this action is based on the Copyright Act, 17 U.S.C.A. § 1 et seq.

The complaint alleges the creation by plaintiffs of an original musical composition and the copyrighting of the same by the plaintiffs. It further alleges that after plaintiffs copyrighted their composition, defendants infringed plaintiffs' copyright by publishing a composition with a title identical to and copied from plaintiffs' composition; that the defendants are continuing to infringe plaintiffs' copyright and that defendants are still publishing their composition to plaintiffs' irreparable damage.

The relief sought by the complaint is a temporary and permanent injunction, dam-

**RUSSELL et al. v. LAUREL MUSIC CORP. et al.**

United States District Court, S. D. New York.

May 7, 1952.

816

ages, and an accounting for all gains and profits of the defendants.

■ The right to a jury trial is determined by whether the issues as disclosed in the complaint are essentially legal or equitable in nature.[1]

■ If plaintiffs sought only damages from the alleged infringers, they would be entitled to a trial by jury.[2] But where as here, plaintiffs seek complete relief, i. e., damages, accounting and an injunction, they may be held to be proceeding as in equity.[3] There does, however, appear to be a middle ground. In Bruckman v. Hollzer,[4] plaintiffs' complaint consisted of two counts; in count 1 damages were sought for infringement of the copyright, and in count 2, an accounting and an injunction. It was held there that the plaintiff was entitled to a jury trial on the issues raised in count 1. Thus, in brief, the difference between the Bellavance and Bruckman cases is that, in the latter, the claim for damages was stated in a separate count.[5]

Accordingly, if the plaintiffs here had drawn their complaint as in the Bruckman case, they would be entitled to a jury trial on their claim for money damages.[5] However, in the instant case, the same claim is the basis for both legal and equitable relief, but conforms to rule 10(b), F.R.C.P. in the manner pleaded. Moore, in his treatise[6] recognizes that under Rule 10(b) a plaintiff is not required to plead several claims, based on the one transaction, in separate counts but adds that when plaintiff does, there is then no doubt as to his desire to pursue separate, but cumulative, legal and equitable remedies. While this method is perhaps advantageous I think it unrealistic to require it in order that plaintiff not waive his right to a jury trial of his claim for damages.[7]

■ The joinder of legal and equitable claims in one action is now not only permitted but encouraged, and does not effect a waiver of jury trial as to the legal claim.[8] The fact that plaintiffs have claimed a jury trial on the whole case and did not specify the issues to be tried to the jury is of no moment; the court can designate the issues to be so tried.[9] Those cases upon which defendants rely and in which plaintiffs were denied jury trials are distinguishable. In those cases,[10] the cause was stricken from the jury calendar because the complaint was held to be essentially equitable in nature, or the equitable relief was dominant, and the claim for money damages merely incidental thereto.

■ Therefore, I conclude that plaintiffs here are entitled to a jury trial on their claim for money damages, and that the claims for accounting and injunction be tried by the Court. The entire matter of trial sequence should be left to the trial judge.

Settle order on two days' notice.

1. Ring v. Spina, 2 Cir., 166 F.2d 546.

2. Arnstein v. Porter, 2 Cir., 154 F.2d 464.

3. Bellavance v. Plastic-Craft Novelty Co., D.C., 30 F.Supp. 37; Arnstein v. Twentieth Century Fox Film Corp., D. C., 3 F.R.D. 58; Moore's Federal Practice, 2nd Ed. Vol. 5, Sec. 38.26, p. 206.

4. 9 Cir., 152 F.2d 730.

5. Moore supra.

6. Note 3 supra.

7. In Ring v. Spina supra, 166 F.2d at page 550, Judge Clark said "Rationally there is no basis upon which to ground such a waiver short of resurrecting the ancient divisions now abolished to say that plaintiff has brought his 'legal' claims into an 'equitable' cause."

8. Ring v. Spina, supra.

9. U. S. v. Strymish, D.C., 86 F.Supp. 999, Rule 39(a), F.R.C.P., 28 U.S.C.A.

10. Arnstein v. Twentieth Century Fox Film Corp., D.C., 3 F.R.D. 58; Young v. Loew's Inc., D.C., 2 F.R.D. 350.