**NATIONAL DRYER MANUFACTURING CORPORATION et al.**

v.

**DRYER COMPANY OF AMERICA, Inc., et al.**

**Civ. A. No. 14165.**

United States District Court
E. D. Pennsylvania.

May 11, 1955.

As Amended May 23, 1955.

William W. Atterbury and James E. Gallagher, Jr. (of Stradley, Ronon, Stevens & Young), Philadelphia, Pa., Horace Dawson, Chicago, Ill., for plaintiffs.

J. Webster Jones, Philadelphia, Pa., for defendants.

GRIM, District Judge.

The Amended Complaint in this action contains three causes of action, each stated in a separate count. In Count I, which alleges unfair competition in defendants' representations in the sale of their dryers, plaintiffs seek injunctive relief, an accounting for profits, and money damages. In Count II, which alleges infringement of a design patent, plaintiffs seek injunctive relief and money damages. Count III, based on infringement of a mechanical patent, asks for injunctive relief, an accounting for profits, and money damages. Defendants have demanded a jury trial and plaintiffs have moved that the demand be stricken.

It seems clear that if plaintiffs in all three counts simply asked for injunctive relief and an accounting their action would be equitable in nature and defendants would have no right to a jury trial. On the other hand, if plaintiffs brought their action solely for damages the action would be in effect one at law in which defendants upon proper demand would be entitled to a jury trial. Arnstein v. Porter, 2 Cir., 1946, 154 F. 2d 464.

Here, however, plaintiffs are seeking both injunctive relief and an equitable accounting, on one hand, and damages, on the other. It is clear that defendants are not entitled to a jury trial on the equitable claims for an injunction and an accounting. The problem presented in this case is whether defendants are entitled to a jury trial on the claims for damages.

Plaintiffs' contention that the claims for damages in this case are merely incidental to the equitable relief demanded is overruled for the general reasons stated in the following analogous copyright infringement cases: Chappell & Co. v. Cavalier Cafe, Inc., D.C.D.Mass.1952, 13 F.R.D. 321; Berlin v. Club 100, D.C.D. Mass.1951, 12 F.R.D. 129; Russell v. Laurel Music Corp., D.C.S.D.N.Y.1952, 104 F.Supp. 815; see also Bruckman v. Hollzer, 9 Cir., 1946, 152 F.2d 730.

With reference to the specific causes of action, it does not appear that the damages sought in Count I for unfair competition are "merely incidental" to plaintiffs' claim for injunctive relief. As to the damages sought in Counts II and III for patent infringements, in the new Patent Act of 1952, 35 U.S.C. (1952), the remedy of damages provided in Section 284 is a separate and distinct remedy from the injunctive relief which is authorized in Section 283.[1] In this respect the new Patent Act differs significantly from the prior law governing actions for patent infringement, 35 U.S.C. Secs. 67, 70 (1946). See Bellavance v. Plastic-Craft Novelty Co., D. C.D.Mass.1939, 30 F.Supp. 37, and the comment thereon in Chappell & Co. v.

---

1. Cf. Sablosky v. Paramount Film Distributing Corp., D.C.E.D.Pa.1952, 13 F.R.D. 138, where the claim for treble damages and the claim for an injunction were based on separate sections of the anti-trust statute.

914

Cavalier Cafe, Inc., supra, 13 F.R.D. at page 322.

With respect to all three counts in the Complaint, therefore, defendants are entitled to a jury trial on the claims for damages.

And Now, May 11, 1955, in accordance with the foregoing memorandum opinion, it is ordered that Plaintiffs' Motion To Strike Demand For Trial By Jury be and it is hereby granted with respect to plaintiffs' claims for an injunction and an accounting and is hereby denied with respect to plaintiffs' claims for damages.