336 F.2d 406
 142 U.S.P.Q. 291
 Marvin K. SWOFFORD, Marion F. Wright, and Pathfinder Oil
Tool Co., Appellants,
v.
B & W, INC., Appellee.
B & W, INC., Appellant,
v.
Marvin K. SWOFFORD, Marion F. Wright, and Pathfinder Oil
Tool Co., Appellee.
 No. 21024.
 United States Court of Appeals Fifth Circuit.
 July 28, 1964.
 
 Jack w. Hayden, Hayden & Pravel, H. Coke Wilson, Houston, Tex., for Marvin K. Swofford, Marion F. Wright, and Pathfinder Oil Tool co., appellants.
 Tom Arnold, Arnold & Roylance, Houston, Tex., R. Douglas Lyon, Lyon & Lyon, Los Angeles, Cal., of counsel, for appellee.
 Before TUTTLE, Chief Judge, and RIVES and WISDOM, Circuit Judges.
 RIVES, Circuit Judge.
 
 
 1
 These are interlocutory appeals[1] by all parties in an action for patent infringement. The appeals concern the propriety of a jury trial in a patent infringement action in light of the Seventh Amendment to the Constitution and Rules 38 and 39(b) of the Federal Rules of Civil Procedure, the propriety of separate trials of the issues of liability and damages under Rule 42(b) and the constitutionality of using different juries to try the separated issues.
 
 
 2
 The corporate plaintiff, assignee and owner of a patent, filed a complaint for infringement of patent[2] in the United States District Court for the Southern District of Texas in March 1961. The complaint requested a preliminary and final injunction against infringement by the defendant, an accounting for profits, damages, and reasonable attorneys' fees, and an assessment of costs and treble damages against the defendant. The defendant answered, denying the validity and the infringement of the patent, and counterclaimed for a declaratory judgment of patent invalidity and noninfringement. The plaintiff replied to the counterclaim, reasserting the validity of the patent and its infringement by the defendant. The answer and counterclaim and the reply to the counterclaim were filed in April 1961. Pursuant to stipulation of counsel, the patentees joined as individual plaintiffs, and the plaintiffs filed an amended complaint which contained identical allegations to the complaint filed originally by the corporate plaintiff, except for the addition and identification of the individual plaintiffs and a statement that the corporate plaintiff was authorized to maintain the suit for infringement subject to the payment of royalties to the individual plaintiffs. The plaintiffs filed the amended complaint on December 7, 1961, and on the same day they filed a demand for trial by jury. Subsequently, the defendant moved to strike the plaintiffs' jury demand on the grounds that the demand was untimely and that the case was in equity for an injunction and an accounting. The court[3] denied the motion and ordered a jury trial on the issues of validity of the patent, its infringement, and appropriate damages; a separate trial of the issues of liability and damages before separate juries; and reserved the requests for injunctive relief, costs, attorneys' fees, and exemplary damages for consideration by the judge in the light of the relevant jury findings.
 
 
 3
 The defendant appeals from the denial of its motion to strike the plaintiffs' demand for a jury trial. The plaintiffs appeal from that part of the judgment which orders a separate trial of the issues of liability and damages before separate juries and which denies a jury trial of the plaintiffs' claims for attorneys' fees and exemplary damages. We deal first with the questions raised by the defendant's appeal.
 
 
 4
 The defendant maintains that the plaintiffs have failed to make a timely demand pursuant to Rule 38 of the Federal Rules of Civil Procedure and thereby have waived any right to trial by jury.
 
 
 5
 The plaintiffs' demand for a jury trial was made within ten days after the filing of the amended complaint but several months after the filing of the original complaint, the answer and counterclaim and the reply to the counterclaim. The question is whether the amended complaint, which contains allegations identical to the original complaint except for the addition of the individual plaintiffs and the statement that the corporate plaintiff is authorized to maintain the suit for infringement subject to the payment of royalties, is the 'last pleading' within the meaning of Rule 38(b). The defendant contends that the amended complaint 'added nothing to the issues raised by the original Complaint, but merely added two unnecessary parties as nominal plaintiffs * * *.'
 
 
 6
 We do not find it necessary to decide this question since the district judge based his order on Rule 39(b) of the Federal Rules of Civil Procedure. Under that rule the court has a broad discretion in determining whether to relieve a party from waiver of jury trial, and its decision will be reversed only for abuse of discretion. 2B Barron & Holtzoff, Federal Practice and Procedure 892, at 72 (Wright ed. 1961).
 
 
 7
 The right to a jury in a federal court as declared by the Seventh Amendment is a basic and fundamental feature of our system. And when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary. See Albert v. R. P. Farnsworth & Co., 5 Cir. 1949, 176 F.2d 198, 203.
 
 
 8
 However, if a jury trial has been waived, a motion is necessary to invoke the court's discretion since the court may not employ Rule 39(b) of its own initiative. See 2B Barron & Holtzoff, Federal Practice and Procedure 892, at 67 (Wright ed. 1961). But Rule 39(b) says in part: 'notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury * * *.' We think that when a demand has been made, though untimely, it is not reversible error for the district court to exercise its discretion under Rule 39(b) even though we have advised previously that '(a) motion to the court under Rule 39 rather than service of a demand under Rule 38 is the proper course * * *.' Roth v. Hyer, 5 Cir. 1944, 142 F.2d 227, 228.
 
 
 9
 The defendant contends that the plaintiffs' requests for injunctive relief, and an 'accounting' are solely and traditionally equitable remedies, and that the plaintiffs are not entitled to a trial by jury.[4] Its conclusion is based on the test stated in its brief that 'whether or not a jury trial is available as a matter of right is to be determined by looking at the Complaint to determine whether or not the cause of action set forth therein is legal or equitable in character.'
 
 
 10
 In an action where a single claim is presented and a single remedy demanded, the action can rationally be classified as one which historically would have been either legal or equitable. Wright, Federal Courts 353 (1963). In such a case, the proper approach to deciding whether a claimant has a right to a jury trial is whether the action is 'legal' or 'equitable.' See Simler v. Conner, 1963, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (suit to adjudicate the amount of fees owing to lawyer under contingent fee retainer contract). Similarly, where the case presents several claims or demands more than one remedy, as in the instant case, the matter is no more difficult than in a simple suit if the claims, or the remedies, are either all legal or all equitable. Thus, where the case presents several claims or demands more than one remedy, the most direct test is 'whether the action now pending before the District Court contains legal issues.' Dairy Queen, Inc. v. Wood, 1962, 369 U.S. 469, 473, 82 S.Ct. 894, 897, 8 L.Ed.2d 44. If so, the parties are entitled to a jury trial as of right on those issues.
 
 
 11
 It has been held that when the plaintiffs seek injunctive relief, an equitable accounting and damages under the current patent act, they are entitled to a jury trial as of right on the claim for damages. National Dryer Mfg. Corp. v. Dryer Co. of Am., E.D.Pa.1955, 130 F.Supp. 912. In the instant action, the defendant contends that the plaintiffs are not entitled to a jury trial since the complaint is cast in terms of an 'accounting for profits, damages * * *.' It urges the complaint does not constitute a 'demand for fixed money damages in the legal sense.'[5] It is unclear what the defendant means by the latter statement unless it is suggesting that items of special damages must be stated specifically under Rule 9(g) of the Federal Rules of Civil Procedure.
 
 
 12
 We think it is clear that the plaintiffs have requested damages. At the pretrial and oral hearing on the defendant's motion to strike the plaintiffs' demand for a jury trial, counsel for the plaintiffs emphasized the damage request and offered to amend the complaint by substituting 'damages' for 'accounting' if the court thought there is 'magic' in the term, 'accounting.' The district judge replied that he was not 'troubled about the word accounting at this time.'
 
 
 13
 The defendant seeks a distinction-- between damages in the legal sense and requesting an equitable accounting wherein damages may be determined-- on the basis of pleading. 'But the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings.' Dairy Queen, Inc. v. Wood, supra, 369 U.S. at 477-478, 82 S.Ct. at 900.[6] Moreover, as the district court noted in its memorandum and order, the Supreme Court in Dairy Queen found a legal issue in a request for an accounting. In that case, the respondents prayed for temporary and permanent injunctions and 'an accounting to determine the exact amount of money owing by petitioner and a judgment for that amount.' 369 U.S. at 475, 82 S.Ct. at 898. The respondents contended that such a money claim is 'purely equitable' since their complaint was cast in terms of an 'accounting' rather than in terms of an action for 'debt or damages.' The Court held that whether the complaint was construed as an action on a debt allegedly due under a contract or as an action for damages based upon a charge of trademark infringement, the district court erred in refusing to grant petitioner's demand for a jury trial.[7]
 
 
 14
 The profits which were recoverable in equity against an infringer of a patent were compensation for the injury the patentee had sustained from the invasion of his rights. Such profits were considered the measure of the patentee's damages. It was very early recognized that, 'though called profits, they are really damages * * *.' Mowry v. Whitney, 1871, 81 U.S. (14 Wall.) 620, 653, 20 L.Ed. 860.
 
 
 15
 A court of equity awarded compensation in order 'to avoid multiplicity of suits and to do complete justice,' Root v. Lake Shore & M.S. Railway Co., 1881, 105 U.S. 189, 207, 26 L.Ed. 975, and not because the jury was considered an inappropriate office for compensation. Compare Dairy Queen, Inc. v. Wood, supra, 369 U.S. at 478-479, 82 S.Ct. 894. Such compensation, an accounting of profits, was only incidental to the equitable ground for the intervention of the equity court, the injunction against continuing infringements. Thus, unless the primary right to an injunction existed, the court of equity had no jurisdiction with reference to 'a mere question of damages'; this corollary principle was applied by both English and American courts in patent and copyright infringement cases. Root v. Lake Shore & M.S. Railway Co., supra, 105 U.S. at 209-210, 215-216.
 
 
 16
 Therefore the rule allowing an accounting for profits was adopted, not for the purpose of acquiring jurisdiction, but, for the purpose of awarding a substitute for damages at the option of the complainant in cases where, having jurisdiction to grant equitable relief, the court was not permitted by the principles and practice in equity to award damages. 105 U.S. at 215.
 
 
 17
 In summary, an accounting for profits, although a creature of equity, is a rule of administration and not of jurisdiction. The court of equity awarded compensatory damages incidental to an injunction to avoid multiplicity of suits and not because the jury lacked competence. We do not believe that this practice in patent and copyright infringement cases, which was justified historically to avoid multiplicity of litigation in a divided procedure, should be continued in a merged system where such multiplicity can be avoided by one civil action.[8] It is a well-settled doctrine that the distinction of jurisdiction, between law and equity, is constitutional, to the extent to which the Seventh Amendment forbids any infringement of the right of trial by jury, as fixed by the common law. E.g., Root v. Lake Shore & M.S. Railway Co., supra, 105 U.S. at 206. To continue the past practice is to convert an administrative rule into a jurisdictional one so as to deprive the parties of a jury on what is basically a money claim for damages based upon a charge of patent infringement.[9]
 
 
 18
 We now turn to the questions raised by the plaintiffs' appeal. The plaintiffs contend that they are entitled to a jury trial on the issue of exemplary damages by virtue of 35 U.S.C. 284 (1958) and the Seventh Amendment to the Constitution. We do not agree.
 
 Section 284 provides:
 
 19
 'Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.
 
 
 20
 'When the damages are not found by a jury, the court shall assess them. In either event the court may increase the damages up to three times the amount found or assessed.
 
 
 21
 'The court may receive expert testimony as an aid to the determination of damages or of what royalty would be reasonable under the circumstances.'
 
 
 22
 The second paragraph of section 284 provides for the increase in damages. The plaintiffs emphasize that the word 'court' used therein refers to the judge or the jury. In other words, the plaintiffs interpret the word 'court' so that the damages may be increased by the jury as well as the trial judge. Such an interpretation is said to be 'the only logical conclusion,' since a limited interpretation of 'court' would preclude the jury from receiving expert testimony in determining damages or a royalty, as prescribed by the third paragraph. We do not agree. We read the third paragraph to be a direction to the trial judge to admit expert testimony; questions of admissibility are ordinarily addressed to the trial judge. And although the direction to admit the evidence is directed to the trial judge, this does not mean that the trial judge is the only trier of fact who may make use of the admitted evidence.
 
 
 23
 Moreover, to accept the plaintiffs' construction of the word would mean that the first sentence of the second paragraph would read nonsensically: 'When the damages are not found by a jury, the (jury or judge) * * * shall assess them.'
 
 
 24
 The crucial second sentence of the second paragraph of section 284 reads, 'In either event the court may increase the damages up to three times the amount found or assessed.' Historically, that provision took the place of the last sentence of former section 67 of Title 35,[10] which plainly provided that the power to increase the damages was vested in the trial judge. There is nothing in section 284 to indicate a change in that dichotomy.
 
 
 25
 However, the plaintiffs contend that such an interpretation of section 284 denies them the important constitutional right to trial by jury. Courts of equity did not award damages which were penal in character. Livingston v. Woodworth, 1853, 56 U.S. (15 How.) 546, 559-560, 14 L.Ed. 809; Stevens v. Gladding, 1894, 58 U.S. (17 How.) 447, 453-455, 15 L.Ed. 155. Thus absent statute, exemplary damages are awarded only in an action at law. See Decorative Stone Co. v. Building Trades Council, 2 Cir. 1928, 23 F.2d 426, 427. However, we find no authority for the proposition that the parties enjoyed a constitutional right to jury trial on the award and amount of exemplary damages. Quite to the contrary, the cases indicate that Congress has fluctuated, with approval by the Supreme Court, between jury trial and no jury trial on the question of exemplary damages in patent actions.
 
 
 26
 The first patent act of 1790 (1 Stat. 109) made the infringer liable to 'forfeit and pay to the patentee such damages as should be assessed by a jury, and, moreover, to forfeit to the persons aggrieved the infringing machine.' In 1793 (1 Stat. 318) the Congress enacted 'that the infringer should forfeit and pay to the patentee a sum equal to three times the price for which the patentee has usually sold or licensed to other persons the use of said invention.' The act of April 17, 1800 (2 Stat. 37), compelled the infringer 'to forfeit and pay to the patentee a sum equal to three times the actual damage sustained by such patentee.' See Seymour v. McCormick, 1853, 57 U.S. (16 How.) (479,) 480, 487-488, 14 L.Ed. 1024. The jury was clearly confined to an assessment of 'actual damages' by the Patent Act of 1836 (5 Stat. 117). The Court noted that 'the power to inflict vindictive or punitive damages is committed to the discretion and judgment of the court within the limit of trebling the actual damages found by the jury.' Id. at 488. Similarly, the Court in Birdsall v. Coolidge, 1876, 93 U.S. 64, 23 L.Ed. 802, noted that 'the prior (1836) and the present (1870) patent act authorize the court to enter judgment on the verdict of the jury for any sum above the verdict, not exceeding three times that amount. No discretion is vested in the jury; but they are required to find the actual damages, under proper instructions from the court.' Id. at 70. Therefore, we think that 35 U.S.C. 284 (1958), which gives the trial judge discretion to increase the damages up to three times the amount found by the jury or assessed by the trial judge, does not deny the plaintiffs any constitutional right to a jury trial.
 
 
 27
 Such a practice is commensurate with our previous direction that the questions of willfulness, deliberateness, and increased damages should properly await final judgment. See Jeoffroy Mfg., Inc. v. Graham, 5 Cir. 1953, 206 F.2d 772, 779. More specifically,
 
 
 28
 '* * * we think the better practice in all infringement cases * * * is to delay such finding (of willful and deliberate infringement) until final judgment, and after an accounting has been had, since only then can the full nature and extent of the infringement be disclosed and a fully enlightened determination made as to whether a punitive award is justified.' E-I-M Co. v. Philadelphia Gear Works, Inc., 5 Cir. 1955, 223 F.2d 36, 42.
 
 
 29
 Much the same may be said in response to the plaintiffs' contention that they are entitled by the Seventh Amendment to a jury trial on attorneys' fees. 35 U.S.C. 285 (1958) provides that 'the court in exceptional cases may award reasonable attorney fees to the prevailing party.' This section places the allowance of counsel fees within the statutory discretion of the trial judge. See, e.g., Jacquard Knitting Mach. Co. v. Ordnance Gauge Co., 3 Cir. 1954, 213 F.2d 503, 509, and the plaintiffs in their brief admit that they have been unable to find a case which 'particularizes on 'increased damages, and attorneys' fees' as being jury issues in patent cases * * *.' However, the plaintiffs urge that Beacon Theatres, Inc. v. Westover, 1959,359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988, Dairy Queen, Inc. v. Wood, 1962,369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44, and Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., 5 Cir. 1961, 294 F.2d 486, logically point to the conclusion that 'increased damages' and attorneys' fees are 'elements of the general damage issue' to be submitted to the jury for determination. We do not agree that a reading of these cases leads to the conclusion that exemplary damages and attorneys' fees are jury questions as of right.
 
 
 30
 The reason is that exemplary damages and attorneys' fees are not money claims triable by jury, although they are awarded in a 'legal' action.
 
 
 31
 The question in Beacon Theatres relates to the order of trial of claims triable by jury and claims not triable by jury when these claims are present in the same case and involve a common issue. The plaintiff sought a declaration that he was not liable to the defendant under the antitrust laws and an injunction to prevent the defendant from bringing an antitrust suit. The defendant counterclaimed for treble damages under the antitrust laws. The court of appeals had held it was not an abuse of discretion for the district judge to try the non-jury claim first even though this might through collateral estoppel, prevent a full jury trial of the counterclaim, which was the claim triable by jury. The Supreme Court reversed.
 
 
 32
 It should be noted that the Court did not hold that in a suit for treble damages under the antitrust laws there is a constitutional right of jury trial. A fortiori, it did not hold that in claims for treble damages in general there is a constitutional right of jury trial. But see Inland Steel Prods. Co. v. MPH Mfg. Corp., N.D.Ill.1959, 25 F.R.D. 238, 246. The Court stated:
 
 
 33
 'It follows that if Beacon would have been entitled to a jury trial in a treble damage suit against Fox it cannot be deprived of that right merely because Fox took advantage of the availability of declaratory relief to sue Beacon first. Since the right to trial by jury applies to treble damage suits under the antitrust laws, and is, in fact, an essential part of the congressional plan for making competition rather than monopoly the rule of trade, see Fleitman v. Welsbach Street Lighting Co., 240 U.S. 27, 29 (36 S.Ct. 233, 234, 60 L.Ed. 505), the Sherman and Clayton Act issues on which Fox sought a declaration were essentially jury questions.'
 
 
 34
 359 U.S. at 504, 79 S.Ct. at 953. We read Fleitmann to hold that the right of trial by jury in a suit for treble damages under the Sherman Act is a matter of statutory right rather than a Seventh Amendment right:
 
 
 35
 'We agree with the courts below that when a penalty of triple damages is sought to be inflicted, the statute should not be read as attempting to authorize liability to be enforced otherwise than through the verdict of a jury in a court of common law.'
 
 
 36
 Fleitmann v. Welsbach Street Lighting Co., 1916, 240 U.S. 27, 29, 36 S.Ct. 233, 234 (Holmes, J.).
 
 
 37
 The Thermo-Stitch case presented a question to our Court similar to the one presented to the Supreme Court in Beacon Theatres. The complaint asked for a declaratory judgment that three patents held by the defendant were invalid and not infringed and for an injunction to stop the defendant from interfering with the plaintiff's customers. The defendant counterclaimed for damages for patent infringement, fraud and antitrust violations. We held that, although the complaint contained a stronger basis for equitable relief than was present in Beacon Theatres, the district court erred in ordering a trial without a jury. However, there is no suggestion in that case that a jury trial is necessary on the question of increasing the damages.
 
 
 38
 In the Dairy Queen case, the plaintiff requested an injunction and damages for trademark infringement and/or debt due on a contract. The defendants' demand for a jury trial was denied by the district court. The Supreme Court held that whether the plaintiff's claim were construed as an action on the contract or for trademark infringement, or both, the claim was triable by jury since either of the actions was traditionally triable by a jury. And the Court held that the issues common to the money claim and the injunction must be tried by a jury.
 
 
 39
 One of the grounds on which the district court had denied the jury trial was that the jury claim was only 'incidental' to the non-jury claim. The Court, however, held that no such rule may be applied in the federal courts.
 
 
 40
 Beacon Theatres, Dairy Queen, and Thermo-Stitch deal with the problem presented when 'legal' claims or remedies and 'equitable' claims or remedies are joined in the same case. They resolve the problem in each of their respective situations by requiring the factual issues common to the 'legal' claims, or remedies, and the 'equitable' claims, or remedies, to be tried by a jury. This is not to say, however, that they have converted typical non-jury claims, or remedies, into jury ones. Therefore, we reject a view that the trio of Beacon Theatres, Dairy Queen, and Thermo-Stitch is a catalyst which suddenly converts any money request into a money claim triable by jury.
 
 
 41
 Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, the district judge ordered the issues of validity, infringement, and any other issues which relate to defendant's liability to be tried separately from the issue of damages. We do not think the district judge abused his discretion in making such an order. Rule 42(b) provides:
 
 
 42
 'The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.'
 
 
 43
 As the district court has noted, the normal law suit seldom requires a separate trial of the issues. See 2B Barron & Holtzoff, Federal Practice and Procedure 943, at 187 (Wright ed. 1961). ('The trial piecemeal of separate issues in a single suit is not to be the usual course.') However, the issues of validity, title, infringement and damages in patent and copyright cases may be separately tried, unless this course will inconvenience the court or seriously prejudice the rights of some of the parties. 2B Barron & Holtzoff, op. cit. supra 944, at 196. The district court noted that the plaintiffs failed to make any showing that they will be seriously prejudiced. We have approved of the separate trial of damages and liability in personal injury litigation, Nettles v. General Acc. Fire & Life Assur. Corp., 5 Cir. 1956, 234 F.2d 243, and the separate trial of the issues of validity and infringement in patent litigation, Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., 5 Cir. 1961, 294 F.2d 486. There is an important limitation on ordering a separate trial of the issues under Rule 42(b): the issue to be tried must be so distinct and separable from the others that a trial of it alone may be had without injustice. See Gasoline Prods. Co. v. Champlin Ref. Co., 1931, 283 U.S. 494, 499-500, 51 S.Ct. 513, 75 L.Ed. 1188; Wright, Federal Courts 378 (1963). The state of the record on this interlocutory appeal makes a decision on separability take on facets of a decision based on hypothetical facts; we cannot tell from the record whether the action pending below involves issues of fact common to liability and damages so as to preclude a separate trial. The nature of the allegedly patented object has not even been identified except that it is a 'device.' Thus we approve of the district judge's order on the basis that we cannot think of an instance in a patent action where the damage issue is so interwoven with the other issues that it cannot be submitted to the jury independently of the others without confusion and uncertainty, which would amount to a denial of a fair trial. See Wright, op. cit. supra at 378; cf. Nettles v. General Acc. Fire & Life Assur. Corp., 5 Cir. 1956, 234 F.2d 243 (personal injury litigation).
 
 
 44
 The plaintiffs have one further contention. They urge that to separate the issues of liability and exemplary damages for trial before different juries denies a trial by jury as required by the Seventh Amendment to the Constitution. Their theory is that the same or similar facts and testimony which determine liability will also determine if exemplary damages should be awarded. However, since we have decided that exemplary damages are a question for the trial judge and are not for the jury, we do not reach that question.[11]
 
 The judgment is
 
 45
 Affirmed.
 
 
 
 [1]
 28 U.S.C. 1292(b) (1958)
 
 
 [2]
 The action was brought pursuant to 35 U.S.C. 281 (1958)
 
 
 [3]
 The able opinion of the district judge appears in 34 F.R.D. 15
 
 
 [4]
 'In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.' U.S.Const. amend. VII
 Rule 38(a), F.R.Civ.P. provides:
 'The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.'
 
 
 [5]
 A claim for damages based upon a charge of infringement of patent is plainly a 'legal' claim. See Inland Steel Prods. Co. v. MPH Mfg. Corp., N.D.Ill.1959, 25 F.R.D. 238, 245-246; National Dryer Mfg. Corp. v. Dryer Co. of Am., E.D.Pa.1955, 130 F.Supp. 912; James, Right to a Jury Trial in Civil Actions, 72 Yale L.J. 655, 671-672 (1963); cf. Arnstein v. Porter, 2 Cir. 1946, 154 F.2d 464 (copyright infringement); Bruckman v. Hollzer, (9 Cir. 1946) 152 F.2d 730 (copyright infringement)
 
 
 [6]
 'Some confusion of thought may arise with respect to the controlling effect of the complaint or other pleadings on the right to demand a jury trial. This may in part be due to an insistence upon appraising several claims for relief as a 'cause of action,' a term not used throughout the rules * * *.' 2B Barron & Holtzoff, Federal Practice and Procedure, 873, at 31 (Wright ed. 1961)
 
 
 [7]
 The defendant seeks to distinguish Dairy Queen on the basis that the Court determined that the complaint set forth a 'cause of action for breach of contract . . . a purely legal cause of action' and thus one to which the petitioner was entitled to a jury trial. As we noted above, the Court expressly refused to rest its holding on the way the complaint was construed
 The defendant's confusion arises from the Court's conclusion that 'the district judge erred in refusing to grant petitioner's demand for a trial by jury on the factual issues related to the question of whether there has been a breach of contract.' 369 U.S. at 479, 82 S.Ct. at 900. The central issue in that case was raised by the petitioner's answer to the complaint in which he denied that there had been any breach of a licensing contract. This issue was central to both an action on a debt allegedly due under the contract and/or an action for damages based on a charge of trademark infringement. Rather than questioning the validity of the trademark, the petitioner questioned the validity of the licensing contract. We do not think the Dairy Queen case can be distinguished by the absence in the instant case of a breach-of-contract issue.
 In an action at law for patent infringement, the jury decides the questions of validity, see Thomson Spot Welder Co. v. Ford Motor Co., 1924, 265 U.S. 445, 446, 44 S.Ct. 533, 68 L.Ed. 1098. Wood v. Underhill, 1847, 46 U.S. (5 How.) 1, 6-7, 12 L.Ed. 23, and infringement. United States v. Esnault-Pelterie, 1936, 299 U.S. 201, 205, 57 S.Ct. 159, 81 L.Ed. 123. Hence these questions are 'legal' issues.
 
 
 [8]
 See Wright, Federal Courts 354 (1963); James, Right to a Jury Trial in Civil Actions, 72 Yale L.J. 663-664 (1963). Professor James notes that 'a critical use of history may be an excellent guide to present problems, but a critical use takes account of changes in conditions as well as similarities.' Id. at 664
 
 
 [9]
 See note 5, supra
 
 
 [10]
 'Damages for the infringement of any patent may be recovered by action on the case, in the name of the party interested either as patentee, assignee, or grantee. And whenever in any such action a verdict is rendered for the plaintiff, the court may enter judgment thereon for any sum above the amount found by the verdict as the actual damages sustained, according to the circumstances of the case, not exceeding three times the amount of such verdict, together with the costs.' 35 U.S.C.A.App. 67, p. 835. See Packwood v. Briggs & Stratton Corp., D.Del.1951, 99 F.Supp. 803, 808, reversed on other grounds 195 F.2d 971 (3 Cir. 1952)
 
 
 [11]
 In the statement of points in their brief, the plaintiffs appear to urge that to separate the issues of liability and ordinary damages for trial before different juries denies them the constitutional right to trial by jury. However as we noted above, their theory of unconstitutionality rests upon the premise that liability and damages are interwoven in this action by the request for exemplary damages. Moreover, their requests for relief, addressed to this court, refer only to the separate trial of liability and exemplary damages