**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**110 BARS OF SILVER, 3 CRUCIBLES of SILVER, 11 BAGS of SILVER COINS, Defendant-Appellant,**

**Errol B. Resnick, Intervenor-Appellant.**

**No. 74-2941**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 24, 1975.

Rehearing Denied March 28, 1975.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Ernest J. Rice, Orlando, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Kendell W. Wherry, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal of an action brought pursuant to 31 U.S.C. § 396, wherein the United States sought the forfeiture of 110 bars of silver and 3 crucibles of silver, which were the alleged property of Errol B. Resnick. The property was found to be composed of melted United States coins and was ordered forfeited to the United States. On appeal Resnick assigns numerous errors alleging the trial court abused its discretion. He also alleges certain evidence should have been suppressed, and his court-appointed attorney should have been compensated.

Resnick has been before this Court numerous times before. This forfeiture proceeding stems from intervenor's conviction for melting down United States coins, for which he had three trials, and which we affirmed in United States v. Resnick, 5 Cir., 1973, 483 F.2d 354. In the third criminal trial and in this case, several former employees of Resnick testified that United States coins were used in the making of these silver bars, and that the crucibles contained molten silver derived from melted United States coins.

This action was filed on July 19, 1973; answer was filed on August 15, and later a supplemental answer was filed on November 2. On December 13, a jury trial was requested, which motion was denied on January 24, 1974. On January 10, Resnick informed the court he had discharged his previous retained attorney, and asked for a court-appointed one. E. J. Rice was appointed with notice that the appointment was without compensation. After his appointment, Rice asked for a continuance, which was denied.

At trial, intervenor sought to introduce the entire transcript of testimony of the government from the second criminal trial. Counsel would not agree to read in only the pertinent parts, so the request was denied. Counsel also asked the court to provide intervenor with Jencks Act material in regard to all government witnesses, which request was denied. After the trial, counsel asked for attorney's fees from the 16 bags of silver which were originally in the proceeding, but which had been dismissed from the case. This request was denied.

Federal Rules of Civil Procedure Rule 38(b) and (d) contain the provisions concerning jury trials in civil actions. Such a request must be made within ten days from the service of the last pleading (b); otherwise, it is waived. In this case, the last pleading was on November 2, and the jury trial was not requested till December 13, thus the right to a jury trial was waived. Under Rule 39(b) the judge in his discretion may grant a jury trial. Appellant has made no showing of an abuse of the judge's discretion in this regard. We will reverse only on such a showing.

Intervenor also alleges the court abused its discretion in not granting a continuance just prior to trial so that he could confer with his attorney. The court noted in its opinion that counsel was extremely well prepared: he had thoroughly familiarized himself with the case, had conferred with Resnick by phone and in person prior to trial, and additionally had read and studied the transcripts of the criminal proceedings. The grant or denial of a motion for continuance rests with the sound discretion of the court, and will be reversed only when an abuse of discretion is shown. United States v. Snyder, 5 Cir., 1974, 505 F.2d 595. There was no abuse of discretion.

Intervenor requested Jencks Act material from the government for each witness that testified. The Act itself is strictly limited to criminal proceedings. 18 U.S.C. § 3500. A forfeiture proceeding is a civil one. United States v. Burch, 5 Cir., 1961, 294 F.2d 1. Thus the Act does not apply.

Intervenor next alleges the court erred by not allowing in the recorded testimony of the government assayist who testified in the first and second criminal trials, and who was unavailable for this

case. Counsel wanted to put in all of his testimony which the court would not allow him to do. It offered to let counsel put in the pertinent provisions, but this offer was rejected. The court stated that all of the testimony was not relevant and material, and it did not want to encumber the record. The court did take judicial notice of the fact that the assayist said there was no way to determine the origin of the coins in the crucibles, whether they were melted American or Canadian coins. It also noted that Resnick's employees had testified after the fineness of the silver had been altered by the addition of copper.

The trial court has wide discretion in determining the relevancy and materiality of evidence in a case. Its ruling will not be disturbed in the absence of a clear showing of abuse of that discretion. United States v. Calles, 5 Cir., 1973, 482 F.2d 1155. After reviewing this record, we hold there was no abuse of discretion.

Appellant next argues the crucibles and their contents should have been suppressed. The parties stipulated the only issue to be resolved was whether the bars and contents of the crucibles were the result of melting United States coins. Additionally, the crucibles were never admitted into evidence at trial. This argument by intervenor lacks merit.

Even though counsel was appointed with notice that he would not receive compensation, he now argues he should be paid from the 16 bags of silver coins originally in the suit. That count of the complaint was struck from the suit without objection, thus the coins were no longer in the court's jurisdiction, nor available for compensation.

Resnick himself has filed a pro se brief raising many of the same issues that were raised by his counsel. We have reviewed those arguments and find them to be without merit.

A careful review of the entire record reveals no errors of law.

Affirmed.