**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Norman C. REDDICK,
Defendant-Appellant.**

**No. 79–1954.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 14, 1980.

Decided March 12, 1980.*

Opinion April 22, 1980.

Jonathan D. Jackson, Jr., Madison, Wis., for defendant-appellant.

Frank M. Tuerkheimer, U. S. Atty., Judith M. Hawley, Asst. U. S. Atty., Madison, Wis., for plaintiff-appellee.

Before BAUER, WOOD, and CUDAHY, Circuit Judges.

CUDAHY, Circuit Judge.

Defendant-appellant Norman C. Reddick was convicted of mail fraud in violation of 18 U.S.C. § 1341. The fraudulent scheme alleged in the indictment related to defendant's marketing in Wisconsin of a utility rate and cost consulting service which he claimed would save subscribers money on their utility bills. Defendant sought authorization under 18 U.S.C. § 3006A(e)(1)[1] for an investigator to locate and interview potential witnesses among his former customers in California, where he had marketed similar consulting services from 1967 until June, 1977, when he moved to Wisconsin.

---

\* This appeal originally was decided by unreported order on March 12, 1980. See Circuit Rule 35. The panel has decided to issue the decision as an opinion.

1. Section 3006A(e)(1) provides:

Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for an adequate defense may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are

The magistrate denied this motion without prejudice, finding that defendant had made an insufficient showing of necessity for the services. On appeal, defendant urges that in rejecting his request, the magistrate incorrectly applied the relevant statutory standard and violated his constitutional rights to due process, equal protection, effective assistance of counsel and compulsory process. We affirm.

As a preliminary matter, the government contends that defendant waived his right to appeal the denial of his motion by failing to renew the motion before the magistrate and by not raising the request before the trial judge.[2] While our research has not revealed any case holding that objections to a magistrate's ruling under 18 U.S.C. § 3006A(e) must first be made to a district court, the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(A), authorizing district court judges to refer numerous other pretrial matters to a magistrate, provides that reconsideration of a magistrate's pretrial finding authorized under that subparagraph may be made by a district court judge. We have interpreted this requirement as prohibiting direct appeal to this court from a magistrate's pretrial findings. *See United States v. Reeds*, 552 F.2d 170, 171 (7th Cir. 1977) (per curiam). *See also United States v. Haley*, 541 F.2d 678 (8th Cir. 1974).[3] While § 3006A lacks similar language suggesting the proper procedure for review of a magistrate's denial of authorization of services for indigent defendants, we believe requiring a defendant to seek intermediate review in a district court or to renew the motion in that forum represents the better rule. Such intermediate review, preferably before the initiation of trial, serves the interests of judicial economy by placing the issue before a trial judge who is more intimately familiar with the details of the case than this court could hope to become and is, therefore, in a better position initially to review the merit of the request.

Even if we were to reject the government's contention on this procedural issue, our application of the requirements of 18 U.S.C. § 3006A(e) to the facts of this case would still compel affirmance of the conviction. As previously noted, § 3006A(e) permits authorization of investigative services if the defendant is financially unable to obtain them and if they are necessary. We have no doubt about defendant's inability to have procured such services at his own expense; however, we believe that while the services might have been required to defend against the original indictment, the assistance defendant sought was not necessary to defend against the charges in the superseding indictment.

Specifically, subparagraph 4(a) of Count I of the first indictment had stated that the misrepresentations and promises which defendant made to the alleged victims of this scheme included the following:

> That 80% of . . . [defendant's] customers experienced a savings in their electrical bills as a result of . . . [defendant's] utility rate and cost consultant service.

Since many of defendant's former customers resided in California, his proving this statement to be accurate arguably would have required some investigation of defend-

necessary and that the person is financially unable to obtain them, the court, or the United States magistrate if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

2. The transcript for the hearing on defendant's motion for a continuance held before Judge Doyle on March 21, 1979, indicates that defense counsel stated he intended to renew the motion; the record shows that counsel did not follow up on this expression of intent.

3. We note in passing that subsection 2(2) of the recently enacted Federal Magistrates Act of 1979, 93 Stat. 643 (1979) (to be codified as 28 U.S.C. § 636(c)(3)), provides for direct review in the courts of appeals of final judgments entered by magistrates in civil cases in which the parties have consented to the magistrate's exercise of "case dispositive" jurisdiction. No similar changes are made in the procedures governing review of magistrates' pretrial rulings made under § 636(b) in criminal cases and in civil cases in which the litigants do not give such consent. We infer from the congressional silence on this matter continued legislative approval of requiring review in the district court of magistrates' pretrial rulings in these cases.

ant's practices in that state. The government indicated it would seek to prove the falsity of the representation by reference to the utility bills of defendant's 571 customers in California. These records were subpoenaed and made available to defendant.[4]

We need not decide whether access to these records would have provided defendant with an adequate opportunity to defend against the original·charge because the alleged statement quoted above was omitted from the superseding indictment. The list of misrepresentations, which defendant allegedly made, was reformulated to include promises given only to the alleged victims in Wisconsin.[5] Consequently, investigation of defendant's practices in California was not necessary to defendant's effective defense against the new charges.[6]

In his brief and his arguments before this court, defendant stated that, even under the superseding indictment, the investigative services in California were necessary to develop and to establish the defense of his good faith belief in the truth of the representations he made to the alleged Wisconsin victims. In asserting this contention, defendant has not added any new factual support to his original showing of necessity made before the magistrate. In the affidavit supporting the request for authorization, defense counsel stated he had spoken by telephone with two of defendant's California customers, and that they said they had saved money as a result of defendant's services.[7] Counsel also stated that he had talked by telephone with a California attorney whom defendant had consulted concerning representation in that state and that the attorney said he had a list of clients whom defendant's services had benefited. We agree with the magistrate that recitation of these facts constituted an insufficient showing of necessity to warrant hiring an investigator to work in California. We see no way in which investigation of these "leads" in California would have been of substantially more assistance in establishing defendant's alleged good faith belief than were the utility bills and responses to government questionnaires available to defendant. The magistrate made clear that she was willing to reconsider her ruling if defendant could make a stronger showing

---

4. The government had also sent questionnaires to individuals in California whose names it derived from cancelled checks turned over by defendant. In oral argument, counsel for the government stated she received approximately 200 responses from the mailing and of these, eight indicated the customer may have saved some money from utilizing defendant's services.

5. The superseding indictment stated that defendant had made the following misrepresentations:

(a) That the victim is likely on the wrong utility rate and is being overcharged;
(b) That certain rates not applicable to the respective victim were available as a matter of choice;
(c) That NORMAN C. REDDICK, or a Selectra representative, on behalf of Selectra [the company name under which Reddick operated], would personally contact the victim's power company and review the victim's utility records covering at least the last year;
(d) That Selectra would analyze at least one year's past utility bills of the victim and determine whether:
(1) Available discounts and concessions were given;
(2) Bills were computed correctly;
(3) The lowest rates were applied;
(4) Engineering changes would effect savings;
(5) Metering consolidation or additional metering would effect savings; and
(6) Refunds are indicated.

6. Our finding on this point disposes of defendant's contention that the magistrate incorrectly interpreted his request for authorization as one relating only to preparation of a defense against the "80% success rate" claim and that defendant needed the investigative services to show that "any" of the alleged misrepresentations were true. We reiterate that proof of the truth of the misrepresentations alleged in the superseding indictment did not require evidence from California.

7. In oral argument, defense counsel stated he had tried to contact a total of forty-two of defendant's former customers in California by telephone. He said he spoke with eighteen, "twelve of [whom] . . . refused to talk . . . ., four of [whom] said they didn't remember anything about it, two of [whom] . . . remembered and said they didn't save any money, and two of [whom] . . . remembered and did save money." Defendant subpoenaed the two individuals who said they saved money, and they testified at trial.

of the necessity for the proof requested. Defendant did not do so in that forum, and he has not brought to our attention any additional facts that would warrant authorization of the requested services.[8]

Finally, in addition to alleging a failure to comply with the applicable statutory standards, defendant states in conclusory language that his constitutional rights have been violated. He has not made a particularized showing with respect to any of these alleged violations. His claims on both the constitutional and the statutory grounds are quite speculative. Defendant has not demonstrated by clear and convincing evidence the prejudice required for reversal of his conviction.[9]

Accordingly, the judgment appealed from is affirmed.

---

**8.** In oral argument, counsel for defendant also stated that defendant's computations for determining how he could have saved his subscribers money were so complicated that the services of a California utility analyst were necessary to prepare an adequate defense to the superseding indictment. However, when asked if he had ever sought authorization to hire a utility analyst, counsel responded in the negative. He said the investigator whom he wanted to hire would have contacted such an expert.

**9.** As we noted in our discussion of the denial of investigative services in *Mason v. Arizona*, 504 F.2d 1345 (9th Cir. 1974), *cert. denied*, 420 U.S. 936, 95 S.Ct. 1145, 43 L.Ed.2d 412 (1975), "the inquiry is the same constitutionally as under section 3006A: whether a defendant has established prejudice by clear and convincing evidence. *See Christian v. United States*, 398 F.2d 517 (10th Cir. 1968)." *United States v. Harris*, 542 F.2d 1283, 1315 (7th Cir. 1976), *cert. denied*, 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977).