**Verdia JONES, Plaintiff-Appellant,**

v.

**Robert BIRDSONG, et al.,
Defendants-Appellees.**

No. 80–3535.

United States Court of Appeals,
Fifth Circuit.

May 24, 1982.
Rehearing and Rehearing En Banc
Denied July 19, 1982.

Charles Victor McTeer, Greenville, Miss., for plaintiff-appellant.

Semmes Luckett, Clarksdale, Miss., for defendants-appellees.

Before BROWN, COLEMAN and RUBIN, Circuit Judges.

COLEMAN, Circuit Judge.

The opinion of the District Court is reported, *Jones v. Birdsong*, 530 F.Supp. 221 (N.D., Miss., 1980).

We heard oral argument in New Orleans on November 4, 1981. Upon consideration of the record, briefs, oral argument, and published opinion of the District Court, we affirm.

We need not here rehash or rephrase the facts as found in the detailed, carefully written District Court opinion. It is quite clear that the findings were not clearly erroneous, Rule 52(a), Federal Rules of Civil Procedure.

Only one point remains for disposition.

Never at any time did Mrs. Jones serve a written demand for trial by jury as required by Rule 38(b) of the Federal Rules of Civil Procedure. Never at any time did she make known to the District Judge that she desired a jury trial. Now, on appeal, she attempts to argue that the District Court improperly denied her the right of a jury trial as to the federal and state claims for compensatory and punitive damages.

We need not decide, and we offer no intimation, as to whether if she had properly asserted it Mrs. Jones would have been entitled to a jury trial as now claimed.

Rule 38(b), *supra*, provides that any party may demand trial by jury of any issue triable of right by a jury by serving a written demand therefor at any time after the commencement of the action and not later than ten days after the service of the last pleading directed to such issue. Subsection (d) of the Rule provides that the failure of the party to serve a demand as required by the Rule and to *file* it as required by Rule 5(d) waives the right to a jury trial.

In *United States v. 110 Bars of Silver, Etc.*, 508 F.2d 799 (5th Cir., 1975), *cert. denied* 423 U.S. 861, 96 S.Ct. 118, 46 L.Ed.2d 89 (1975), we held that the failure to file a Rule 38(b) demand for a jury within ten

days from the service of the last pleading waived the right.

This takes us back to *Eastside Church of Christ, et al. v. National Plan, Inc., et al.,* 391 F.2d 357 (5th Cir., 1968), *cert. denied,* 393 U.S. 913, 89 S.Ct. 234, 21 L.Ed.2d 198 (1968), where we find the following:

"[T]he contention that appellants were denied a jury trial is frivolous. They did not seek a jury trial. They made no objection to proceeding without a jury. The idea of a jury trial was first raised in this Court through reliance on a request for jury trial made by two of the defendants who are not involved in the cause before us". [Opinion by Judge Griffin Bell].

In the years before the advent of the Federal Rules of Civil Procedure, the Supreme Court had held that where a party is present and represented by counsel and goes to trial before the Court *without objection or exception,* he has voluntarily waived his right to a jury and must be held to the legal consequences of such a waiver. *Kearney v. Case,* 12 Wall 275, 79 U.S. 275, 20 L.Ed. 395 (1870); *Perego v. Dodge,* 163 U.S. 160, 16 S.Ct. 971, 41 L.Ed. 813 (1896).

Now, let us see what happened in this case.

The defendants filed their answer to the original complaint and timely filed a request for a jury trial for Mrs. Jones' back pay claims, compensatory damages, and punitive damages. Mrs. Jones moved to strike the demand for a jury trial on the back pay issue. The Court responded by denying a jury trial on all issues. *Mrs. Jones raised no objection to this ruling.*

Mrs. Jones then filed an amended complaint. There was no Rule 38(b) motion for a jury trial and none was ever filed. However, at a pretrial conference before a magistrate the plaintiff moved *verbally* for a bifurcated trial of the legal and equitable issues, with a jury trial on the legal issues. The magistrate denied the motion. This action was never called to the attention of the District Judge. There was no objection filed. When the case came to trial on the merits before Judge Keady, the plaintiff said absolutely nothing about the denial of the motion at the hands of the magistrate. Not a word was said about desiring a jury trial. Mrs. Jones now attempts to evade all this by saying that any complaint or objection would have been useless because the Judge had already denied the defendants' request for a jury trial. This is an attempted evasion of the undisputable fact that when the Court made that ruling at an early stage of the litigation the plaintiff had offered no remonstrance or objection whatever, thus leading the Court to believe that she agreed with that result.

Under the circumstances, the plaintiff was under a special duty to speak out about any desire for a jury. Her counsel knew, or was certainly charged with the knowledge, that in the case of *Lynch v. Pan American World Airways, Inc.,* 475 F.2d 764 (5th Cir., 1973), in a racial discrimination case which sought reinstatement with back pay, compensatory damages, and punitive damages, the Fifth Circuit held that the trial court properly struck the plaintiff's motion for a jury trial because the action was equitable in nature. Unless the point were raised and unless there was convincing argument to the contrary, Mrs. Jones should have expected that the District Judge would consider himself bound by the ruling in *Lynch.*

In conclusion, we cannot countenance an effort to reverse the District Court from ambush.

As already pointed out, plaintiff sought no review of the magistrate's ruling, which was made after the filing of an amended complaint. We have repeatedly held that in the absence of exceptional circumstances provoking a miscarriage of justice questions that are not presented to or passed on by the trial court (here, the ruling of the magistrate) will not be considered on appeal. *D. H. Overmyer Company v. Loflin,* 440 F.2d 1213 (5th Cir., 1971), *cert. denied* 404 U.S. 851, 92 S.Ct. 87, 30 L.Ed.2d 90 (1971); *Capps v. Humble Oil & Refining Company,* 536 F.2d 80 (5th Cir., 1976); *United States v. Allegheny-Ludlum Industries, Inc.,* 517 F.2d 826 (5th Cir., 1975), *cert. denied,* 425

U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1975); *Alabama Great Southern Railroad Company v. Allied Chemical Corporation*, 501 F.2d 94 (5th Cir., 1974), rehearing en banc, 509 F.2d 539 (5th Cir., 1975).

What it all comes down to is that plaintiff had repeated opportunities to file a Rule 38(b) motion for a jury trial and she chose not to do it. When Judge Keady denied the defendants' motion for a jury trial the plaintiff knew that she could no longer rely on that motion to obtain a jury trial for herself but said not a word, leaving the Judge to believe that she agreed with that result. She had every opportunity to ask the trial court to review and reverse the denial of a jury trial entered by the magistrate. She chose to pursue a policy of total silence. When the trial began there was not a word said about the lack of a jury. Now that the facts have been found against her contentions, amply supported by the record, she does here what she persistently chose not to do below—she cries that she was denied the right of trial by jury.

Leaving aside the issue of whether she would have been entitled to a jury if she had properly sought such a trial, we firmly decline the suggestion that the District Court should be cast in error.

AFFIRMED.

ALVIN B. RUBIN, Circuit Judge, dissenting:

Because I think that Mrs. Jones was entitled to rely on the defendants' jury trial demand and that, under the circumstances, her oral motion for a jury trial was sufficient, and because I think that she did not thereafter waive her jury trial right by her conduct, I respectfully dissent.

The right to jury trial is not merely a creature of the rules of civil procedure, but is safeguarded by the Constitution. Thus the right to be heard by a jury of the suitor's peers is a favored right, and its waiver is not to be lightly inferred. *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809, 812, 81 L.Ed. 1177, 1180 (1937) ("courts indulge every reasonable presumption against waiver").[1] A federal district judge should not, therefore, be grudging in granting a jury demand. Even when the jury trial demand is not made within the ten days fixed by rule 38, the court in its discretion may order a jury trial. *See* Fed. R.Civ.P. 39(b).[2] We have said that, when such a rule 39(b) motion is filed, "a court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1029 (5th Cir. 1980). *Accord, Swofford v. B&W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965); *Albert v. R. P. Farnsworth & Co.*, 176 F.2d 198, 203 (5th Cir. 1949).

The defendants submitted a demand for a jury trial of the plaintiff's claims for backpay, compensatory damages, and punitive damages. Mrs. Jones moved to strike the request for jury trial on the backpay issue, but did not object to the jury trial request for the claims regarding compensatory and punitive damages. The district court judge entered an order denying the right to jury trial on *any* issue, stating, "it is well settled that there is no right to jury trial in an employment discrimination suit under § 1981 or § 1983 even though claims for compensatory or punitive damages are made." The district judge denied the defendants' motion for reconsideration of the

---

1. *See also* 5 J. Moore & J. Lucas, Moore's Federal Practice ¶ 38.43 (2d ed. 1982); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2321 (1971).

2. The general rule is that "[a] Rule 39(b) motion is necessary to relieve a party from waiver; the court cannot grant relief on its own initiative." *Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1029 (5th Cir. 1980). In *Swofford v. B&W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965), however, we considered the language of rule 39(b), "notwithstanding the *failure of a party to demand* a jury ... the court in its discretion upon motion may order a trial by jury," and concluded that, when a demand *has* been made the court may exercise its discretion to order a jury trial even in the absence of a motion to the court under rule 39(b). (Emphasis added.)

order. Mrs. Jones did not then file any objection to the order.

Mrs. Jones, however, later filed an amended complaint adding a claim under Title VII to her claims for relief under 42 U.S.C. §§ 1981, 1983, the equal protection clause of the fourteenth amendment, and state contract law. At a pretrial conference before a magistrate Mrs. Jones requested a trial by jury on the legal issues and a separate nonjury trial on the equitable claims.[3] The magistrate denied this request, but not on the basis now suggested by my colleagues, that an oral demand was insufficient.[4]

Each party to this case has, therefore, demanded a jury trial on the issues of compensatory and punitive damages at least once. The majority holds, however, that Mrs. Jones may not raise the jury trial issue on appeal because, having presented her jury trial demand to the magistrate, she failed again to urge it before the district judge.[5]

Although there is not much authority on the point, it appears that Mrs. Jones may indeed have waived her right to contest the magistrate's denial of her jury trial request in this appeal. The literal language of the statute conferring power on magistrates provides, in relevant part: "a judge may designate a magistrate to hear and determine any pretrial matter pending before the court .... A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that a magistrate's order is clearly erroneous or contrary to law." 28 U.S.C.A. § 636(b)(1)(A) (West Supp.1982). *See Merritt v. International Bhd. of Boilermakers*, 649 F.2d 1013, 1017, 1019 (5th Cir. 1981) (§ 636(b)(1)(A) pretrial orders are not subject to de novo determination, but party waives arguments about the magistrate's ruling if the order is not appealed to the district court); *United States v. Reddick*, 620 F.2d 606, 607 (7th Cir. 1980) (Direct appeal to the circuit court from a § 636(b)(1)(A) order of a magistrate is pro-

---

**3.** The pretrial order entered by the magistrate contains the following statement: "Upon consideration of the plaintiff's *motion* to bifurcate trial of the legal and equitable issues in this action and for a trial by jury on the legal issues, plaintiff's said motion is denied." (Emphasis added.)

**4.** Backpay is an integral part of the equitable remedy of reinstatement. *Harkless v. Sweeny Indep. School Dist.*, 427 F.2d 319, 324 (5th Cir. 1970), *cert. denied*, 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971). Therefore, the district court was correct in denying the demand for a jury trial on the backpay issue. Compensatory and punitive damages present legal issues and are proper issues for jury determination. *Whiting v. Jackson State Univ.*, 616 F.2d 116, 122 (5th Cir. 1980). This circuit, however, "has not yet decided whether actual or punitive damages are recoverable under Title VII." *Id.* at 122 n.4. *See Claiborne v. Illinois Cent. R.R.*, 583 F.2d 143, 154 (5th Cir. 1978) ("Pretermitting the issue whether an award of punitive damages under Title VII alone would be proper, we are persuaded that such an award under section 1981 is permissible, even when the section 1981 claim is joined with Title VII claims."), *cert. denied*, 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 303 (1979).
The majority states that *Lynch v. Pan American World Airways, Inc.*, 475 F.2d 764 (5th Cir. 1973) (per curiam), held that "the trial court properly struck the plaintiff's motion for a jury

trial because the action was equitable in nature." Page 25, *supra*. This statement, I respectfully submit, misconstrues the holding of *Lynch*. The court in *Lynch* stated that reinstatement with backpay was an equitable claim, not to be determined by a jury. The court also stated that the plaintiff may not "by making unsupported allegations for compensatory and punitive damages—unilaterally alter the genre of the proceeding." *Id.* at 765. *Lynch* does not suggest that a jury should be denied if there is a good faith demand for compensatory damages with some evidentiary support. There is no indication in the instant case that Mrs. Jones's claims for compensatory and punitive damages are either unsupported or designed unilaterally to alter the mode of trial.

**5.** The majority states: "We have repeatedly held that in the absence of exceptional circumstances provoking a miscarriage of justice questions that are not presented to or passed on by the trial court (here, the ruling of the magistrate) will not be considered on appeal." Page 25, *supra*. The cases cited by the majority all deal with the general proposition that issues not presented to the trial court may not be argued on appeal. The cases do not discuss the more specific question of whether an issue raised before a magistrate is considered to be raised before the "trial court."

hibited; requiring a party "to seek intermediate review in a district court or to renew the motion in that forum represents the better rule."); *see also* 7B J. Moore, M. Waxner, H. Fink & D. Epstein, Moore's Federal Practice § 636 (2d ed. 1981) ("Congress intends that the magistrate shall have the power to make a determination of any pretrial matter (except the enumerated dispositive motions) and that his determination set forth in an appropriate order shall be 'final' subject only to the ultimate right of review by a judge of the court.").[6]

Even if we assume that Mrs. Jones waived her right to object to the magistrate's denial of her jury demand by failing to appeal his ruling to the district court judge, she is still entitled to rely on the jury trial demand made by the defendants. *Southland Reship, Inc. v. Flegel*, 534 F.2d 639, 643 (5th Cir. 1976) ("In the district court, the appellees made a timely motion for a jury trial pursuant to Rule 38, Fed. Rules of Civ.Proc. . . . The appellant was, of course, entitled to rely on this demand."); *Calnetics Corp. v. Volkswagon of America, Inc.*, 532 F.2d 674 (9th Cir. 1976), *cert. denied*, 429 U.S. 940, 97 S.Ct. 355, 50 L.Ed.2d 309 (1976); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2318, at 85 (1971).

Furthermore, rule 38(d) prohibits withdrawal of a demand for a jury trial without the consent of all the parties. Fed.R.Civ.P. 39(a)(1) buttresses this by requiring that, if a jury trial has been demanded, the parties must *consent* to a nonjury trial "by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record."

While consent to a nonjury trial need not be explicit, and the right to a jury trial may be waived by the conduct of the parties,[7] there must be at least some unambiguous indication of that consent, or, as it is sometimes called, a waiver. In *Southland Reship, Inc. v. Flegel*, 534 F.2d 639 (5th Cir. 1976), we found an implied waiver of the right to a jury trial, but under a quite different factual situation than that presented in the instant case. A hearing for preliminary and permanent injunctive relief was scheduled and held by the district court. There were also issues of damages. "Thus," as we there said, "in the absence of a waiver, the proper procedure would be for the district court to hold a hearing on the preliminary injunction, then to try the legal issues before a jury, and then to hold the hearing itself on the permanent injunction." *Id.* at 644. When the consolidated hearing on the preliminary and permanent injunction began, counsel for the defendants noted the request for a "jury trial on [damage claims] *if, indeed, we ever reach that point.*" *Id.* (Emphasis added.) Evidence at the hearing was not restricted to the injunctive issues, however, but was adduced on all issues. The court then requested proposed findings of fact and conclusions of law from each party, and the plaintiff submitted its proposals without requesting a jury trial on liability or noting any objection to the procedure. "[O]nly after the order went against them did they raise this issue." *Id.*

We held that "on the facts of this case," a formal oral stipulation waiving the jury was not necessary. We based this holding on three factors: (1) plaintiff's counsel had over a month after consolidation of the injunctive hearings to object to the lack of a jury on the liability issue but did not do so, (2) at the pre-hearing colloquy with the district judge, defense counsel on the record "quite clearly waived their right to a jury trial on liability while retaining their right to a jury trial on damages," and (3) the

---

**6.** *Cf. Nettles v. Wainwright*, 656 F.2d 986, 987 (5th Cir. 1982) (en banc). (In a ruling by a magistrate under § 636(b)(1)(B), failure to object to the magistrate's report and recommendations prior to the district court's acceptance of such constitutes a waiver of the right to appeal the recommendations contained in the report if the magistrate informs the parties that objections must be filed within ten days of the filing of the magistrate's report.); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980) (waiver under § 636(b)(1)(B)).

**7.** *See* 9 C. Wright & A. Miller, *supra* at § 2321 ("The right to jury trial may also be waived by conduct or agreement of the parties.")

plaintiff submitted proposed findings of fact and conclusions of law without objecting to the lack of a jury on the liability issues. *Id.* "This course of conduct represents all too clear an acquiescence *in the trial of liability* to the court without a jury." *Id.* (Emphasis added.) There was, of course, no waiver of the right to a jury trial on damages, but that issue was mooted by the finding that there was no liability. *Southland Reship*, therefore, rests on all three factors listed above including the clear waiver of a jury trial on the liability issues on the record. No such waiver and neither of the additional circumstances relied upon can be found here.

The defendants requested a jury trial and Mrs. Jones is entitled to rely on that request. The district judge, as well as the magistrate, denied a jury trial on all issues. While the district judge was never presented with an appeal of the magistrate's ruling, he was not ambushed by Mrs. Jones. He knew that a jury trial was desired and he denied that right because he thought that the litigants were not entitled to a jury trial, rather than because of any procedural failing. Mrs. Jones did not wait until the trial was over to make her position known. She was not denied a jury trial for failure to present a demand in writing or for the insufficiency of the defendants' demand.

There was thereafter no waiver of the right to jury trial, oral or written. Mrs. Jones simply complied with the court's order. Her counsel's explanation of his client's failure to expostulate further appears to me to be adequate to negate waiver.[8]

It would have been better had Mrs. Jones's counsel expressly appealed the magistrate's denial of a jury trial and had he objected expressly thereafter to proceeding without a jury, but, in view of the favored position of the jury trial, I do not find either Mrs. Jones's failure to appeal or her failure to file a formal objection on the record in this case sufficient to constitute a waiver of her right to trial by jury on the legal issues. What the Constitution guarantees, courts should not lightly find abandoned.

For the foregoing reasons, I respectfully dissent.

absent intervention by a higher court.... After three attempts to gain a jury trial there was no need to risk the Court's ire.

---

8.  He states in his brief:

    After three attempts to have a jury trial it was adamantly [*sic*] clear to both parties that no jury trial would be had in this cause