Henry B. AYERS, et al., Plaintiffs,

Bessie V. Givhan, et al., Plaintiffs-Intervenors-Appellees,

v.

WESTERN LINE CONSOLIDATED SCHOOL DISTRICT, Defendant-Appellant.

No. 81–4364.

United States Court of Appeals, Fifth Circuit.

Nov. 15, 1982.

---

J. Robertshaw, Greenville, Miss., for defendant-appellant.

Fred L. Banks, Jr., Jackson, Miss., David M. Silberman, Washington, D. C., for plaintiffs-intervenors-appellees.

Before GARZA, TATE and WILLIAMS, Circuit Judges.

TATE, Circuit Judge:

The defendant school district ("Western Line") appeals from a judgment of the district court ordering the reinstatement of the intervenor Givhan as teacher and awarding her back pay and attorney's fees. The district court did so upon its holding that but for Ms. Givhan's exercise of her First Amendment rights she would have been rehired for the 1971–72 school year. The district court made this determination, pursuant to a remand for this purpose, *Ayers v. Western Line Consolidated School District*, 592 F.2d 280 (5th Cir. 1979), pursuant to a decision of the United States Supreme Court that had vacated earlier decisions because the defendant district had not had an opportunity to make such justificatory showing. *Givhan v. Western Line Consolidated School District*, 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979).[1] We affirm, finding that the district court's findings on the causation issue are not clearly erroneous.

*The Issue(s) on Remand and on This Appeal*

On the remand, after the exchange of memorandum by opposing counsel as to the scope of the remand, the district court entered an order that only two issues would be considered on the remand. One of them was a now-abandoned racial-discrimination type claim. The other (and the only one before us now) was: "Whether plaintiff Givhan would have been rehired but for her criticism of the school district." R. III, p. 688. This was in accordance with the de-

---

**1.** The Court held that, since the case was tried before the issuance of its decision in *Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), the school board had not produced evidence, and the district court had not made a factual finding, on the *Mt. Healthy* issue as to whether Givhan would have been rehired but for her criticism. 439 U.S. at 417, 99 S.Ct. at 697. Previous to the Supreme Court's decision, the district court had held that Ms. Givhan's First Amendment expression was the primary cause of the non-renewal of her contract, *cf. Ayers v. Western Line Consolidated School District*, 404 F.Supp. 1225 (N.D.Miss.1975), and this court affirmed this finding as not clearly erroneous but had held that the *private* expression of views to the school principal was not protected by the First Amendment, *Ayers v. Western Line Consolidated School District*, 555 F.2d 1309, 1315, 1318 (5th Cir. 1977), *cert. granted,* 435 U.S. 950, 98 S.Ct. 1575, 55 L.Ed.2d 799 (1978).

fendant district's Reply Brief on Scope of Rehearing in the district court, which stated the same two issues as alone before the court, describing the issue presently before us as, "Would Givhan have been re-employed but for her exercise of First Amendment protected rights?"

■ With some forcefulness, the able counsel for the district now contends that the issue of whether Givhan's criticisms were indeed protected by the First Amendment, even if they were the motivating factor for the teacher's discharge, was not foreclosed by the Supreme Court's *Givhan* decision ordering remand.[2]  Nevertheless, not having urged this issue below, the district should not be able to raise this issue for the first time on the appeal. "[I]n the absence of exceptional circumstances provoking a miscarriage of justice, questions that are not presented to or passed on by the trial court . . . will not be considered on appeal." *Jones v. Birdsong,* 679 F.2d 24, 25 (5th Cir. 1982).[3]

■ We therefore conclude that the only issue as to the non-renewal of Ms. Givhan's teaching contract raised by this appeal is whether the district court erred in concluding that, but for her First Amendment protected expression, her contract to teach would have been renewed.

### Would Ms. Givhan Have Been Rehired But For Her First-Amendment Protected Criticism

In the pre-remand hearings, the principal had testified that he had recommended non-renewal of Ms. Givhan's teaching contract because of her hostile attitude and her making of unreasonable demands.[4]  These critical suggestions are treated at more length in our opinion on original hearing, *Ayers, supra,* 555 F.2d at 1312–14. We there affirmed the district court's conclusions that Ms. Givhan's "demands" were not constant and in fact were based on but two occasions; that the criticisms were not unrea-

**2.** The district relies on the Court's footnote statements that, "[e]ven absent consideration of petitioner's private encounters with the principal, a decision to terminate based on the reasons detailed [involving an alleged hostile attitude and non-expression reasons] would hardly strike us as surprising", 439 U.S. at 417 (n.5), 99 S.Ct. at 697 (n.5), and that "[w]hen a government employee personally confronts his immediate superior, the employing agency's institutional efficiency may be threatened not only by the content of the employee's message but also by the manner, time, and place in which it is delivered", 439 U.S. at 415 (n.3), 99 S.Ct. at 696 (n.3).

**3.** Even were we to accept that the issue is now before us of whether First Amendment protection extended to Givhan's privately uttered criticisms, we could conclude under the non-clearly-erroneous factual findings made by the district court (that the alleged reasons for discharge were after-thoughts or pretextual) that the trial court could have properly found that Givhan's criticisms were private expressions properly made and entitled to First Amendment protection.

Indeed, the *Givhan* decision of the Supreme Court, see quoted statements in note 2 *supra,* alerted the district court that, under *Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), a governmental employee's constitutional right of private expression upon matters of public concern must be balanced against the interest of the employ-

ment agency in promoting the efficiency of the public service. 439 U.S. at 414, 99 S.Ct. at 696. Had the present defendant district contested this issue in the trial court, it is obvious from the district court's factual findings that, as a matter of law, *Schneider v. City of Atlanta,* 628 F.2d 915, 919 & n.4 (5th Cir. 1980), Givhan's critical expressions to her superior were not delivered in a manner, time, or place so as to threaten the employing agency's institutional efficiency and thus lose their constitutional protection. Under other circumstances, of course, a private confrontation of an employee with his superior might not be entitled to First Amendment protection. See note 2 *supra.*

**4.** The principal also alleged that she had refused to give achievement tests. On our initial hearing, we affirmed the district court's finding that this was not a reason seriously relied upon; although Givhan at first demurred on nonfrivolous grounds, she did in fact administer the tests. See our initial opinion, *Ayers, supra,* 555 F.2d at 1313. The opinion also speaks of a minor confrontation over giving a six-week test, not initially formally relied upon as a reason for the discharge, *id.,* 555 F.2d at 1312, but now advanced as a real reason for Ms. Givhan's termination. We find no reason on this appeal to disturb the district court's credibility evaluation that these reasons now assigned as motivating the discharge were in the nature of pretextual.

sonable but were of a substantial nature with regard to employment policies and practices perceived to be racially discriminatory; and that the school district's primary motivation in failing to renew her teaching contract was to rid itself of a vocal critic of the district's policies and practices that were capable of interpretation as embodying racial discrimination. *Id.,* 555 F.2d at 1314.

On the remand, some nine years later, the principal now testifies that his decision not to rehire was not only based upon the above-noted critical expressions, but also upon Ms. Givhan's demurrers about administering two tests (see note 4 *supra*) and upon her peripheral involvement in March 1970, during a time of racial turmoil, with a knife-shakedown incident.[5]

The district court, examining the evidence and testimony introduced both at the hearing on remand and at the initial hearing of the case, concluded that Givhan would have been rehired except for her First Amendment protected outspokenness.

In addition to the factors relied upon in the pre-remand proceedings, the court placed some emphasis on inconsistencies in two evaluation sheets relating to Givhan by the school principal, both dated the same day. One of these sheets was signed by both Givhan and the principal (as per school policy, indicating that Givhan had seen and discussed the evaluation), and was strongly worded in favor of Givhan's teaching abilities and her contributions to the school. The other sheet was signed only by the principal and was less favorable. No attempt was made by the Western Line district to introduce the alleged original signed version of this more negative evaluation, nor was there any explanation given for why two evaluations were made on Givhan and dated the same day. The trial court concluded that the more positive evaluation sheet—the one seen and actually signed by Givhan—was the "correct statement." And

we note that even the less positive evaluation characterizes Givhan as a "good teacher."

The court also placed emphasis on certain correspondence between Leach and his supervisor wherein Leach stated of Givhan: "petty and unreasonable demands", "overly critical", "arrogant", "pressure and demands", "derogatory remarks", "agitated". The court noted that if reasons other than the content of First Amendment expression, such as the manner or place in which it was made, had strongly motivated the school district not to rehire Givhan, the court would have expected more enunciation of these reasons in the correspondence leading to the termination decision.

In making the determination that Givhan would have been rehired if not for her First Amendment speech, the district court not only emphasized the foregoing factors but also found to be insubstantial three incidents that upon the remand Western Line alleged to be reasons why, even aside from Givhan's critical First Amendment-protected expressions, the district would not have rehired her. See notes 4 and 5 *supra.* We do not find the district court's determinations in these regards to be clearly erroneous, based as they are largely upon a credibility evaluation of the principal's present testimony as compared with his earlier expressions at the earlier hearing and in his correspondence.

The district court thus concluded that the sole reason why Ms. Givhan was not rehired was because of her critical expressions that were protected by the First Amendment. Based largely on credibility evaluations, in findings not clearly erroneous, district court found the other reasons, now belatedly assigned, for the discharge, to be afterthoughts or pretextual. Whether we regard the district court's finding of causation to be factual and not subject on review to be set aside as not clearly erroneous, *Pull-*

---

5. The knife-shakedown incident had not been mentioned by the principal as a matter of his personal knowledge prior to the hearing on remand nine years later. Following the incident, Ms. Givhan had been rehired for the

1970–71 school year. We are unable to disturb the district court's credibility evaluation of the principal's testimony that this incident played no part in the decision to rehire, and was in the nature of an afterthought.

man-*Standard v. Swint,* —— U.S. ——, ——, 102 S.Ct. 1781, 1789–91, 72 L.Ed.2d 66 (1982), or whether we regard the issue to be one of mixed law and fact subject to appellate review as to the legal part of the equation, *id., Schneider v. City of Atlanta,* 628 F.2d 915, 919 (5th Cir. 1980), we find no error in the district court's determination.

Nor do we find any error in the award of back pay and attorney's fees, for the reasons so fully articulated by the district court.

*Conclusion*

The decision of the district court ordering the reinstatement of Givhan in her teaching position, and ordering that she be paid attorney's fees and back pay is therefore AFFIRMED. We remand to the district court for a determination of fees and back pay that have accumulated pending this appeal.

AFFIRMED and REMANDED.