**Ethel HATTON, Plaintiff-Appellant,**

v.

**Marshall WICKS, Individually, and as Principal of Hughes Elementary School, et al., Defendants-Appellees.**

No. 84–4247
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 1984.

Bennie L. Turner, Walker & Turner, Randolph Walker, West Point, Miss., for plaintiff-appellant.

Shields Sims, Sims & Sims, Jeffrey C. Smith, Columbus, Miss., for defendants-appellees.

Before WILLIAMS, JOLLY, and HILL, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

This is an unusual case in which an established sixth grade teacher, under contract and who had taught sixth grade at the same school for ten years, was discharged for refusing to accept into her class a thirteen year old "disciplinary problem student" who chose her as his teacher in what the discharged teacher calls a "lineup" of the available teachers. The use of the word "lineup" to describe what actually occurred is, to some extent at least, a stigmatizing overstatement. Appellant Ethel Hatton was an established and qualified school teacher under contract to teach in the Columbus Municipal Separate School District, Columbus, Mississippi. She was called into the office of the principal of her school, appellee Marshall Wicks, together with two other available sixth grade teachers. Also present in the office was the thirteen year old male student and that student's mother. The principal asked the student which of the three teachers he would like to have as his sixth grade teacher, and he chose the appellant. The principal then stated that it was settled and the student would be in appellant's class. When the mother presented the thirteen year old boy for enrollment in appellant's class the next Monday, appellant refused to enroll him.

In the afternoon of the same day, appellant was summoned to appellee's office for a conference. When appellee told her at the conference that she was under an obligation to accept the student in her class, she indicated she would not do so and walked out of the meeting without further discussion.

Appellee later wrote her a letter granting her a conference with him, setting a date ten days later. She failed to appear at this conference. In the meantime the child had been assigned to another teacher.

Appellant was discharged for these two instances of what the principal and other school authorities call "insubordination". She was afforded hearings before the Superintendent of Schools, and the entire School Board, and then a review by the Department of Education of the State of Mississippi. All three of these tribunals upheld her discharge.

Five years later appellant brought this suit in the United States District Court under 42 U.S.C. § 1983 claiming substantive due process of law violations on the ground that the public school authorities did not have the constitutional right under the Fourteenth Amendment to discharge her under the facts outlined above. After a full trial, the district court held that there had been no constitutional violation in her discharge. We affirm.

There is no procedural due process of law challenge in this case. Appellant does not challenge the adequacy of the administrative hearings which she was given in accordance with Mississippi law. She challenges only the result of those hearings which upheld her discharge.

■ Appellant raises the question of whether there was "substantial evidence" in the administrative proceedings and in the district court to establish the existence of a constitutional due process violation. The issue is not one of "substantial evidence", however. The critical and controlling facts in this case are not in dispute at all. They are as reported above. The sole question which is before us, then, is whether the existence of these facts and these events constitutes a violation of appellant Hatton's civil rights under the due process of law clause of the Fourteenth Amendment. That question obviously is a question of law, a question of the interpretation and application of the Constitution. As such we are not bound to a clearly erroneous standard of review of the findings and conclusions of the district court. *Ayers v. Western Line Cons. School Dist.*, 691 F.2d 766, 767, 769 (5th Cir.1982).

No issue was raised concerning the motive for appellant's discharge. The finding, not disputed, is that appellant was discharged for insubordination for twice failing to accept the pupil in her class when ordered to do so by the principal. Thus we do not have the typical mixed motive case so we need not inquire whether or not she would have been discharged absent these circumstances. Neither party challenges the finding of the district court that the discharge was for the overt circumstances shown in this case. *Cf. Van Ooteghem v. Gray*, 628 F.2d 488, 493 (5th Cir.1980).

■ Appellant takes the position that she could not be fired for "insubordination" because under Mississippi law insubordination requires "a constant or continuing intentional refusal to obey a direct or implied order, reasonable in nature and given by or with proper authority." *Sims v. Bd. of Trustees, Holly Springs Municipal Separate School Dist.*, 414 So.2d 431 (Miss. 1982). Whether or not her actions constituted insubordination under the Mississippi law does not control this case. Mississippi cannot by defining "insubordination" or other grounds for discharge of teachers create or eliminate federal constitutional rights. The federal rights are independent of the state law. It is not amiss, however, to point out that her two refusals to accept this pupil into her class may constitute insubordination under the Mississippi definition. *See Jackson v. Hazelhurst Municipal Separate School Dist.*, 427 So.2d 134, 136 (Miss.1983).

■ Whether or not appellant was insubordinate under Mississippi law, the issue before this Court is whether she has established that her discharge under the admitted facts and circumstances of this case constituted a violation of her substantive due process right under the Fourteenth Amendment. The district court concluded that she had not established a violation of such a constitutional right, and we agree.

The action of the principal may have been somewhat unusual in giving this particular pupil the opportunity to choose which teacher he wished to have in the sixth grade. It should be pointed out, however, that such choice was under the supervision of the principal, who had ruled out two other teachers who otherwise would have been available because their classes were housed in temporary buildings outside the main school building, and the principal felt that this particular pupil might create less problems if he remained in the main school building. Further, while no one disputes appellant's claim that this particular pupil was a "disciplinary problem", he did not constitute such a serious problem that he could not attend regular school classes with other students. After appellant's refusal to accept this student, the student was assigned to another sixth grade class as a regular pupil in that class. Finally, the record reveals that the pupil had rational and sensible reasons for choosing the class of this particular teacher rather than the other two sixth grade teachers who accompanied appellant to the principal's office.

The record reveals that this particular student was being given an opportunity that students generally did not have. But we cannot quarrel with a conclusion of a school administrator that treating a particular student with such care might be to the advantage not only of the pupil but also of the other students in the school as well.

This discussion of the circumstances yields the constitutional answer. This Court would be intruding in the details of the administration of the school if it found a constitutional violation in this case. Appellant was not placed in a lineup. She and two other teachers were simply brought into the principal's room to enable this pupil to decide which class he wanted to go into for the sixth grade. The principal then directed that his choice be implemented, and appellant refused. Later when he attempted to talk to her about it again, she again refused and walked out on him. She makes no showing that she is entitled to any privilege over any other teacher who might have this pupil assigned to her or his classroom. There was not the slightest hint of racial, religious, or gender discrimination, or interference with her free speech or other personal rights. She was simply assigned a pupil for her class who had the right to be assigned to such a class. She refused the assignment twice and was discharged. It must be recognized that under these circumstances a teacher who refuses to carry out her or his obligations in this manner is "interfering with the regular operation of the schools," *Pickering v. Board of Education*, 391 U.S. 563, 573, 88 S.Ct. 1731, 1737, 20 L.Ed.2d 811 (1968), and is engaged in conduct which "materially and substantially impedes the operation or effectiveness of the educational program," *Brantley v. Surles*, 718 F.2d 1354, 1359 (5th Cir.1983). Appellant's asserted section 1983 claim must fail.

AFFIRMED.

E. GRADY JOLLY, Circuit Judge, specially concurring:

I fully concur in the result reached by the majority. I write simply to express my opinion that this case should have been affirmed without an opinion because the appellant raises no infringement of a constitutional right of any kind, and to dwell on cases like this trivializes the truly important values and rights protected by the Constitution of the United States of America. That federal courts should be made a forum to challenge or second-guess everyday, mundane, ordinary, nonracial administrative decisions of the state school system demonstrates how pandering to the common cavils of public employees leads to the wasted time, expense and inconvenience of all parties. Most important, however, continued federal court intrusion in cases such as this one seriously skews the proper governmental functions of separate and distinct governmental entities which exist for separate and distinct purposes. It is for these reasons that I think we have paid far too much attention to the case before us.