Erbin QUILLIN

v.

**PENROD DRILLING COMPANY.**

**Civ. A. No. B–85–1519–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 1, 1986.

Raleigh Newman, Lake Charles, La., for plaintiff.

Michael C. Farrow, Glen Legge, Clann, Bell & Murphy, Houston, Tex., for defendant.

**MEMORANDUM OPINION**

COBB, District Judge.

In the original complaint, plaintiff, Erbin Quillin, alleges that on October 7, 1985, he was injured as a result of the defendant's negligence and the unseaworthiness of the defendant's offshore drilling vessel, Penrod Rig No. 87. Plaintiff filed this action on November 7, 1985, but failed to request a jury trial in accordance with the provisions of Rule 38(b), FED.R.CIV.P.[1] Plaintiff now seeks to have this case tried before a jury and requests that the court grant plaintiff's belated motion for jury trial under Rule 39(b), FED.R.CIV.P. Defendant opposes plaintiff's motion and maintains that plaintiff waived his right to a jury trial. The court agrees with defendant's contentions.

It is undisputed that a party may seek relief from waiver of the right to a jury trial by filing a 39(b) motion. Rule 39(b) states in pertinent part:

[N]otwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues. FED.R.CIV.P. 39(b).

As a general rule, a motion for jury trial should be favorably received unless there are persuasive or compelling reasons to deny it. *Swofford v. B & W, Inc.*, 336 F.2d 406, 408 (5th Cir.1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965); *see, Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1029 (5th Cir.1980). The court finds that under the facts of the present case, there are persuasive and compelling reasons to deny plaintiff's motion.

As Rule 39(b) indicates, district courts have broad discretion when considering whether to grant or deny an untimely request for a jury trial. The following factors are weighed when making such a determination:

---

**1.** Rule 38(b) provides: Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than ten days after the service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party.

(1) Whether the case involves issues which are best tried to a jury;

(2) Whether granting the motion would result in a disruption of the court's schedule or that of the adverse party;

(3) The degree of prejudice to the adverse party;

(4) The length of the delay in having requested a jury trial; and

(5) The reason for the movant's tardiness in requesting a jury trial.

*Parrott v. Wilson,* 707 F.2d 1262, 1267 (11th Cir.1983). Plaintiff suggests that certain courts consistently and routinely grant Rule 39(b) motions in favor of jury trials; however, such a practice is not to be condoned. Rule 39(b) motions must be determined on a case by case basis by weighing the factors articulated above.

As to the first factor, the issues which must be decided by this personal injury action are:

(1) Whether defendant was negligent in causing the accident [a determination of fault];

(2) Whether plaintiff is considered a seaman [a determination as to plaintiff's status as a seaman];

(3) A determination as to the seaworthiness of defendant's vessel;

(4) A determination as to the amount of damages, if any, plaintiff is entitled to recover.

The court concedes that these issues are often tried to a jury; however, the court is equally well qualified to make such determinations.

As to the second factor, granting plaintiff's motion for jury trial could result in a disruption of the court's schedule.[2] This case is presently set for a pretrial conference on January 29, 1987, and can theoretically be tried in early February 1987. In view of the fact that 30 cases are presently set for jury selection on January 5, 1987, it is extremely probable that many of these cases will be tried in February of 1987. It is the policy of every court to clear its docket of pending litigation as quickly, efficiently, and accurately as possible. Nonjury cases typically proceed expeditiously through the court system. In the interest of judicial economy, if this case is set for jury trial, it could disrupt the balance of jury/nonjury cases presently set before the court, and stymie efforts to remove to pending litigation from the court's docket.

As to the remaining factors, the court notes that plaintiff filed his motion for jury trial on September 4, 1986, some eleven months after filing suit. In plaintiff's motion and supporting brief, plaintiff offers no explanation for this delay, but merely asserts that defendant will not be prejudiced from this delay since little discovery has taken place. As to this delay, plaintiff further maintains that, unlike the Rule 39(b) motion in *U.S. v. Unum, Inc.,* 658 F.2d 300, 303 (5th Cir.1981), which was made only a few days before trial, plaintiff's request was made well in advance of trial so as to provide defendant with ample opportunity to prepare its case for jury trial. This position is untenable. This case has proceeded to a point close enough to trial so that jury/nonjury trial strategy has become a factor in defendant's trial and discovery preparation. In this respect, a jury trial will be prejudicial to the defendant.

Furthermore, it is well established under federal jurisprudence that it is not an abuse of discretion to deny a Rule 39(b) motion when the failure to request a jury is due to mere inadvertence on the movant's part.[3] *Fredieu v. Rowan Companies, Inc.,* 738 F.2d 651, 654 (5th Cir.1984). As the court noted previously, plaintiff offers no explanation for the failure to request a jury trial. Thus, the court must assume that plaintiff's belated motion stems from inadvertence on the plaintiff's part. For

**2.** The defendant has not indicated that granting plaintiff's motion would disrupt defendant's schedule; therefore, the court has not considered this a factor in making its decision.

**3.** The Eleventh Circuit gives considerable weight to the movant's excuse for failing to make a timely jury request. *Parrott v. Wilson,* 707 F.2d 1262, 1267 (11th Cir.1983).

this reason, plaintiff is not relieved from waiver.

The right to a jury trial under the Seventh Amendment is one of the most important and protected rights granted to litigants under our legal system. The Federal Rules of Civil Procedure provide guidelines for asserting and preserving this right. If not complied with, the right to a jury trial is subject to waiver. Based upon the above rationale, the court in its discretion holds that plaintiff has waived the right to a jury trial. Thus, this case is to proceed on the nonjury docket subject to further orders and proceedings as the court in its judgment deems appropriate.