Charles D. OSWALD

v.

**LAROCHE CHEMICALS, INC.**

Civ. A. No. 94–2673.

United States District Court,
E.D. Louisiana.

July 24, 1995.

---

Louis Leo Robein, Jr., Robein, Urann & Lurye, Metairie, LA, Joe R. Whatley, Jr., Patrick F. Clark, Cooper, Mitch, et al., Birmingham, AL, for plaintiff.

Edward H. Bergin, Jones, Walker, et al., New Orleans, LA, L. Traywick Duffie, Kurt A. Powell, Charlotte Webb, Hunton & Williams, Atlanta, GA, for defendant.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is a "Motion to Set for Bench Trial" filed by defendant Laroche Chemicals, Inc., and a "Motion for Jury Trial" by plaintiff, which were taken under submission on a previous date without oral argument. Having reviewed the memoranda of the parties, the record and the

applicable law, the Court GRANTS plaintiff's motion and DENIES defendant's motion.

## Background

Plaintiff brings this action pursuant to the Americans With Disabilities Act (hereinafter "ADA"), alleging that he suffered from a disability at all relevant times following work-related injuries and that defendant failed to reasonably accommodate him in terms of his disability for employment. (R.Doc. 1.) In his complaint plaintiff sought declaratory relief that defendant's practices are violative of the ADA, injunctive relief, compensatory and punitive damages, back pay, costs and expenses and attorneys' fees. *Id.* However, plaintiff did not request a jury trial.

Defendant answered, denying that plaintiff was "disabled" under the ADA and contending, among other things, that certain of plaintiff's claims were time-barred. (R.Doc. 16.) Defendant also generally denied that it discriminated against plaintiff under the ADA. *Id.* Defendant did not request a jury trial.

Following a preliminary conference held in this matter in October 1994 to set the trial date, final pre-trial conference date and various deadlines, a minute entry was issued indicating that the matter was to be tried to a jury. (R.Doc. 10.) However, neither party raised the issue of whether this matter was a jury trial or non-jury trial until defendant filed its motion for a bench trial approximately six weeks prior to trial. Plaintiff followed with its own motion approximately one week later seeking a jury trial.

Defendant claims that plaintiff has waived his right to a jury trial under Fed.R.Civ.P. 38(b) and the local rules. Plaintiff contends that pursuant to Fed.R.Civ.P. 39(b), he is entitled to a jury trial even absent a timely request for such.

## Law and Application

Rule 38(b) provides that:

Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading by that party.

There is no contention that either party requested a jury trial in this matter in accord with Rule 38(b). However, Rule 39(b) provides, in pertinent part, that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

 "This rule grants the court discretion to relieve a party from waiver of a jury trial under Rule 38(b)." *Daniel International Corporation v. Fischbach & Moore, Inc.,* 916 F.2d 1061, 1064 (5th Cir.1990). Further, "[w]hen the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Id., quoting Swofford v. B & W, Inc.,* 336 F.2d 406, 409 (5th Cir.1964). In *Daniel International* the Fifth Circuit recognized five factors a court should consider in determining whether to exercise its discretion under Rule 39(b). These are:

(1) whether the case involves issues best tried to a jury;

(2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;

(3) the degree of prejudice to the adverse party;

(4) the length of delay in having requested a jury trial;

(5) the reason for the movant's tardiness in requesting a jury trial.

*Id.* at 1064.

 Applying these factors to the present case, the Court finds that its discretion is best exercised in favor of granting plaintiff's request for a jury trial. First, the case involves claims for compensatory and punitive damages under the Americans with Disabilities Act to which plaintiff clearly is entitled to a jury trial under 42 U.S.C. § 1981a(c). Defendant argues that prior to the Civil Rights Act of 1991, all employment

discrimination cases were tried without a jury. As a result, plaintiff's request should be denied. However, defendant's argument flies in the face of the Civil Rights Act of 1991 itself, where Congress specifically decided to change the prior law and allow plaintiffs trials by jury in cases such as this one.

As to the second factor, granting a jury trial to plaintiff at this stage—although shortly prior to trial—does not affect the Court's schedule because the Court schedules both jury and non-jury trials each week. Further, granting plaintiff's motion will not affect the summoning of jurors under the system in place in the Eastern District of Louisiana, even though it is just prior to trial. As a result, this case is distinguishable from *Quillin v. Penrod Drilling Company*, 648 F.Supp. 462, 463 (E.D.Tex.1986), upon which defendant relies, where the court found that granting plaintiff's motion for a jury trial under Rule 39(b) would have "stymie[d] efforts to remove to (sic) pending litigation from the court's docket." As to this factor, the Court also notes that defendant does not argue that allowing a jury trial would disrupt its schedule.

Defendant argues that it is prejudiced under the third factor in *Daniel International* because it has made strategic litigation decisions based on this matter being a non-jury trial and because it would be forced to change its litigation strategy just prior to trial. Additionally, defendant argues that it now would have to prepare jury instructions and *voir dire* if the Court grants plaintiff's motion. The Court finds that defendant has failed to specifically state how it is prejudiced as to its litigation strategy and does not believe that such strategy could have been affected that much. The legal principles under the ADA remain the same whether this matter is tried by a jury or judge. Further, had defendant been concerned about its litigation strategy, it could have sought clarification from the Court earlier as to whether this matter was a bench or jury trial. Thus, the Court finds that the degree of prejudice is not that extensive. As to defendant's argument that it would have to prepare jury instructions and *voir dire*, the Court finds that any prejudice resulting from such a requirement is minimal, especially in view of the fact that the parties no longer will have to prepare proposed findings of fact and conclusions of law as would have been required in a bench trial.

The last two factors of *Daniel International* are related in that both deal with the delay in the request for a jury trial. The fourth factor involves the length of delay in requesting a jury trial and the fifth involves the reason for that delay. There is no doubt that plaintiff delayed approximately eight months after the preliminary conference in moving for a jury trial. Plaintiff offers no reason for that delay other than his apparent reliance on the preliminary conference minute entry setting this matter as a jury trial.

At the same time, the Court notes that defendant also delayed approximately eight months in correcting the minute entry which established this matter as a jury trial. The Court finds that, while plaintiff was tardy without apparent good reason in requesting a jury trial in the face of an obvious mistake in the Court's order, the defendant also was tardy in requesting a bench trial in the face of the same mistake. Defendant's tardiness offsets any reasons for tardiness by plaintiff.

■ Finally, the Court addresses defendant's argument that not only has plaintiff waived his right to a jury trial under Rule 38(b) but also has waived his right to seek a jury trial through his present motion, which defendant argues was not filed timely under the deadlines set by the Court for the filing of motions and/or under the local rules. Considering the circumstances, the Court finds that fundamental fairness requires the Court to entertain plaintiff's motion, which was filed in response to defendant's motion. Further, plaintiff's motion was not filed on the eve of trial but in sufficient time such that both plaintiff and defendant's motions could easily be decided approximately two weeks in advance of trial.

In conclusion, the Court finds that the arguments raised by defendant do not constitute "strong and compelling" reason[s] to deny plaintiff's request for a jury trial. *See Swofford, supra.*

Accordingly,

IT IS ORDERED that defendant's "Motion to Set for Bench Trial" is DENIED.

IT IS FURTHER ORDERED that plaintiff's "Motion for Trial by Jury" is GRANTED.