**M. Lucy WEDDINGTON, Personal Representative of the Estate of Malcolm F. Weddington, Deceased, Plaintiff,**

v.

**CONSOLIDATED RAIL CORPORATION, Defendant.**

**No. S 83–250.**

United States District Court, N.D. Indiana, South Bend Division.

Feb. 27, 1984.

See also, D.C., 101 F.R.D. 71.

John D. Ulmer, Goshen, Ind., for plaintiff.

Harold Abrahamson, Michael C. Adley, Hammond, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This cause is presently before the court on the Motion to Strike Jury Demand of defendant, Consolidated Rail Corporation. This wrongful death action was commenced by the filing of a complaint for damages in the Elkhart County Circuit Court on May 24, 1983. Because diversity of citizenship exists between the parties and because the amount in controversy exceeds Ten Thousand Dollars ($10,000.00), the defendant filed a Petition for Removal together with a cost bond and notice to the plaintiff on May 31, 1983. On the same date, defendant filed his answer in the state court. Plaintiff filed a jury demand in state court on June 7, 1983.

A pretrial conference was held in South Bend, Indiana on September 23, 1983, at which time the court ordered any challenges to the jury demand to be filed by December 1, 1983. Thereafter the defendant filed its Motion to Strike Jury Demand on November 30, 1983. Plaintiff filed her response on December 7, 1983. For the reasons stated below, defendant's motion is denied.

■ In support of its motion, defendant contends that since the jury demand was filed in the state court after the Petition for Removal was filed, and because plaintiff has not made a jury demand in this court within the prescribed time limits under the Federal Rules of Civil Procedure, plaintiff has waived her right to a trial by jury. Plaintiff argues that since defendant's only purported answer to plaintiff's complaint is void as it was filed in state court after the case had been removed to this court, no answer to plaintiff's complaint has been made and plaintiff's right to demand a jury has not yet lapsed under Fed.R.Civ.P. 38(b).

Under Fed.R.Civ.P. 38(b) trial by jury must be demanded "not later than 10 days after the service of the last pleading directed to such [jury-triable] issue." In cases removed from state courts, Fed.R.Civ.P. 81(c), requires a jury demand to be filed within ten (10) days after service on the plaintiff of notice of removal and is applicable only where "at the time of removal all necessary pleadings have been served." In this case, plaintiff's jury demand was filed in state court on June 7, 1983, within the ten day period but filed in a court divested of jurisdiction as a result of the filing of the Petition for Removal on May 31, 1983. No jury demand has been filed in this cause in this court as of the present date.

The right to a jury trial, though constitutional, is waived by failure to timely de-

mand it. Fed.R.Civ.P. 38(d). However, a court may, in its discretion, grant a belated motion for a jury trial under Fed.R.Civ.P. 39(b). Rule 39(b) provides:

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

In order to invoke the court's discretion under Rule 39(b), a motion or some similar manifestation of the desire of a party to have a jury trial is required. 9 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2334 at 112; *Swofford v. B & W., Inc.*, 336 F.2d 406, 409 (5th Cir.1964). Moreover, although a judge is not required to allow an untimely request for a jury trial, "when the discretion of the court is invoked ..., the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Swofford, supra,* 336 F.2d at 409.

Plaintiff has made manifest her desire for a jury trial and this court sees no reason to deny such a request. Delay and inconvenience to the court is not a factor in this case nor is prejudice or surprise to the defendant a critical consideration. Technical insistence upon imposing a penalty for inadvertence by denying a jury trial is not in the spirit of the rules of civil procedure and is not a position this court favors.

In light of the procedural irregularities evidenced in the actions of both parties in the action, all pleadings that were filed or purported to be filed in this case while it was pending in the Elkhart County Circuit Court are now ordered and considered as being filed in this court.

The court now exercises its discretion under Rule 39(b) and orders that this case be tried by jury. SO ORDERED.