**CIENA CORPORATION and Ciena Properties, Inc., Plaintiffs,**

v.

**CORVIS CORPORATION, Defendant.**

**No. CIV.A.00–662–JJF.**

United States District Court, D. Delaware.

Oct. 22, 2002.

---

William J. Marsden, Jr., Fish & Richardson, PC, Wilmington, DE, for Plaintiffs.

Neal C. Belgam, Blank, Rome, Comisky & McCauley, Wilmington, DE, for Defendant.

## MEMORANDUM ORDER

FARNAN, District Judge.

Presently before the Court is Defendant's Motion to Bifurcate Issues at Trial (D.I.252). For the reasons discussed, the Defendant's Motion (D.I.252) will be granted.

Defendant seeks to have two separate phases of trial, the first to determine liability and the second, if necessary, to determine damages and willfulness. In support of its request, Defendant points out that the complex technology at issue in this patent case involves wavelength division multiplexing optical communications equipment and that the liability issues alone involve the assertion of five patents and numerous claims of those patents. Defendant contends that although the issues to be decided are extremely complex, they can be easily separated into distinct parts with little or no overlap in the proof required to establish liability, damages, or willfulness.

Plaintiffs object to bifurcation contending it will result in undue prejudice to them. Plaintiffs argue that there will be a significant overlap of evidence to be presented on the issues of damages and liability. Specifically, Plaintiffs contend that evidence to be presented on the issue of nonobviousness will also be relevant to the determination of a reasonable royalty. Plaintiffs also contend that they will be unduly prejudiced by the delay that bifurcation will entail. Additionally, Plaintiffs argue that Defendant will suffer no prejudice if bifurcation is denied because a single jury can easily decide the issues of this case.

Federal Rule of Civil Procedure 42(b) ("Rule 42(b)") governs the bifurcation of trials and, in relevant part, provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ... or of any separate issue or ... issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed.R.Civ.P. 42(b).

Under Rule 42(b), "a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management." *Gardco Mfg., Inc. v. Herst Lighting Co.,* 820 F.2d 1209, 1212 (Fed.Cir.1987); *see also* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2388 (2d ed. 2002) ("Ultimately the question of separate trials under Rule 42(b) should be, and is, a matter left to the discretion of the trial court ...."). Courts, when exercising their broad discretion to bifurcate issues for trial under Rule 42(b), should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case. *Union Carbide Corp. v. Montell N.V.,* 28 F.Supp.2d 833, 837 (S.D.N.Y.1998). "In deciding whether one trial or separate trials will best serve [the above factors] ... the major consideration is directed toward the choice most likely to

result in a just final disposition of the litigation." *In re Innotron Diagnostics,* 800 F.2d 1077, 1084 (Fed.Cir.1986); *see also* Wright & Miller, *supra,* § 2388.

In the context of patent cases, "[e]xperienced judges use bifurcation and trifurcation both to simplify the issues in patent cases and to maintain manageability of the volume and complexity of the evidence presented to a jury." Thomas L. Creel & Robert P. Taylor, *Bifurcation, Trifurcation, Opinions of Counsel, Privilege and Prejudice,* 424 PLI/Pat 823, 826 (1995); *see also Manual for Complex Litigation* (Third) § 33.62 (1995) (advising trial judges to bifurcate or trifurcate overly complex patent trials). In fact, bifurcation of complex patent trials has become common. Steven S. Gensler, *Bifurcation Unbound,* 75 Wash. L.Rev. 705, 725 (2000) ("Bifurcation is also common in patent litigation . . . ."); Creel & Taylor, *supra,* at 825 ("Bifurcation or even trifurcation is common in patent cases.").

Typically, courts bifurcate patent cases into liability and damage trials. *Swofford v. B & W, Inc.,* 336 F.2d 406 (5th Cir.1964), *cert. denied,* 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965) (bifurcating patent case into liability and damage trials). Courts also bifurcate complex patent cases in such a way to prevent jury confusion. *Smith v. Alyeska Pipeline Service Co.,* 538 F.Supp. 977, 984 (D.Del.1982) ( finding "that one trial of both issues [i.e., liability and damages] would tend to clutter the record and to confuse the jury.").

Other courts have explored bifurcating patent cases into separate trials on infringement and invalidity. *Thermo–Stitch, Inc. v. Chemi–Cord Processing Corp.,* 294 F.2d 486 (5th Cir.1961) (granting separate trials on the issues of validity and infringement in patent litigation); *C.R. Bard, Inc. v. M3 Systems, Inc.,* 1994 WL 362186, *2 (D.Ill. 1994) (bifurcating complex patent case into separate trials on infringement and validity to foster clarity and avoid jury confusion). At least one commentator has recommended the widespread adoption of this approach. Howard T. Markey, *On Simplifying Patent Trials,* 116 F.R.D. 369, 377 (1987) (recommending that, pursuant to Rule 42(b), infringement should be tried separately and prior to invalidity).

In sum, bifurcation is an important discretionary tool that district courts can use in patent cases to ensure that the cases are resolved in a just manner by juries that understand the complex issues before them.

> Many scholars have endorsed bifurcation in complex cases as a method of improving juror comprehension. Specifically, bifurcation might enhance jury decision making in two ways: (1) by presenting the evidence in a manner that is easier for the jurors to understand, and (2) by limiting the number of legal issues the jury must address at any particular time.

Gensler, *supra,* at 751.

This Court has conducted many patent jury trials and spoke with numerous juries in post-trial meetings. From these post-trial discussions with jurors and attorneys, the Court has determined that the use of alternative trial procedures could assist juries in obtaining a better understanding of the legal issues they are called upon to decide.

To this end, the Court will separate the issues for trial in this case in a way that reduces the number of legal principles the jury must consider and apply. The Court is persuaded that separation of issues in this manner will not cause undue prejudice to either side. Rather, the Court is persuaded that the trial will be more efficient and focused.

NOW THEREFORE, for the reasons discussed, IT IS HEREBY ORDERED that:

(1) Defendant's Motion to Bifurcate Issues at Trial (D.I.252) is ***GRANTED;***

(2) The Court will conduct separate jury trials on the issues of this case in the following sequence: (1) infringement and willfulness; (2) invalidity; (3) damages. Phases (1) and (2) will be held before different juries, and Phase (3) will be held after any appeals of Phases (1) and (2).